■ WILLIAM J. SCHIECK, Respondent, v KATHLEEN SCHIECK, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Glass, J.), dated March 7, 1986, as, upon confirming a Referee's report, (1) ordered the plaintiff husband to pay $160 per week in the form of child support for the parties' two infant children, (2) equitably distributed the parties' assets, (3) di-

rected the defendant to pay all the expenses of maintaining the marital residence, with the exception of capital improvements, and (4) ordered that each party shall retain all rights in and to his or her respective pension. The appeal brings up for review so much of an order of the same court, dated March 10, 1986, as, upon reargument, adhered to the decision confirming the Referee's report to the extent that it fixed child support, equitably distributed the parties' assets, and directed the defendant to pay all the expenses of maintaining the marital residence, with the exception of capital improvements (CPLR 5517).

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as the judgment was superseded by the order dated March 10, 1986, made upon reargument; and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof which adhered to the original determination with respect to child support and with respect to the confirmation of so much of the Referee's report as recommended offsetting the amount due the defendant in child support arrears under the pendente lite order and the amount she advanced for the maintenance of the parties' Florida condominium against the parties' 1981, 1982 and 1983 income tax refunds and the proceeds of an outstanding burglary insurance claim, and substituting therefor provisions (1) deleting the fourth decretal paragraph of the judgment which awarded child support, and (2) directing a new hearing with respect to the aforenoted portions of the Referee's report and with respect to child support; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith; pending a hearing and new determination with respect to child support the plaintiff shall continue making payments of $160 per week pursuant to a pendente lite order of the same court (Calabretta, J.), dated October 31, 1984.

The Referee adequately set forth the factors he considered and the reasons for his recommendation regarding equitable distribution (see, Domestic Relations Law § 236 [B] [5] [d], [g]). In addition, his determination that the marital property should be equally distributed was not an abuse of discretion, given the length of the marriage, the parties' relatively equal economic and noneconomic contributions to the marriage, and the prospective earnings of the parties (see, Domestic Relations Law § 236 [B] [5] [d]; *Miller v Miller,* 128 AD2d 844). In

this regard the Referee properly determined that the cooperative apartment purchased by the plaintiff was not marital property, as it had been purchased after the commencement of the matrimonial action and the evidence adduced at the hearing established that it was not purchased with savings which may be classified as marital property (see, Domestic Relations Law § 236 [B] [1] [c], [d]; Price v Price, 69 NY2d 8). Furthermore, we do not believe that it was an abuse of discretion to refuse to credit the defendant with one half of the mortgage payments she makes while living in the marital residence when the residence is ultimately sold and the net proceeds of the sale are divided between the parties. To do otherwise would be akin to awarding the defendant maintenance, and both parties agreed not to make claims against each other for maintenance. We do note that the carrying charges the defendant is required to pay on the marital residence should be taken into account in determining the amount of child support to be awarded.

The court did err, however, when it confirmed so much of the Referee's report as recommended offsetting the amount due the defendant in child support arrears under the pendente lite order and the amount she advanced for the maintenance of the parties' Florida condominium against the parties' 1981, 1982 and 1983 income tax refunds and the proceeds of an outstanding burglary insurance claim, as no determination was made as to the amount of arrears, the amount the defendant advanced regarding the Florida property, the amount of the parties' 1983 tax refunds, and the amount due on the outstanding insurance claim. There is also an issue as to whether the insurance claim involved household items awarded to the defendant as part of the distributive award, and whether a portion of the 1981 and 1982 income tax refunds was used for the plaintiff's support while he was living in the marital residence. A new hearing is required to determine these issues.

A new hearing is also required with regard to the issue of child support. While the Referee did list the factors he ostensibly relied upon when recommending that the plaintiff be required to pay the defendant $160 per week for support of the parties' two children ($100 a week for Daniel, who has a learning disability, and $60 a week for William), in compliance with Domestic Relations Law § 236 (B) (7) (b), in actuality the figure arrived at by the Referee appears to be based solely upon what he believed the plaintiff was able to pay, and has no apparent relationship to the financial needs of the chil-

dren. In addition, the Referee appears to have given undue weight to the amount of support ordered pendente lite after conducting only a partial hearing on that issue. Thus, the court erred in confirming the Referee's report with regard to child support. Given the confusing, conflicting and apparently incomplete testimony regarding the expenses of the defendant and that portion of those expenses attributable to the support of the parties' children, a new hearing on the issue of child support is required.

We note that the appeal from the judgment does not bring up for review so much of the order as confirmed those portions of the report which were based upon the stipulation of the parties *(see, Stockfield v Stockfield,* 131 AD2d 834). However, the defendant's challenge to the stipulation whereby the parties waived their claims to each other's pension rights has been addressed by this court in *Schieck v Schieck* ( 138 AD2d 691 [decided herewith]).

We have considered the remaining contentions raised by the defendant and find them to be without merit. Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.