■■■ BARBARA BOWEN, Appellant, v MERVIN BOWEN, Respondent. [609 NYS2d 129] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court improvidently exercised its discretion in ordering that the Lefferts Avenue property in Brooklyn be sold and the proceeds divided equally between the parties. The property is properly characterized as marital property because the parties purchased it during the marriage as husband and wife, with funds held in a joint

account. Nonetheless, because defendant has made no contribution toward maintenance of the residence since December 1979, it is inequitable for the court to direct that the property be sold and the proceeds divided equally. Such a distribution would result in a windfall for defendant in view of the fact that plaintiff maintained the property for many years after defendant abandoned her. A more appropriate division of this asset would be to award plaintiff 90% of the equity and defendant 10% (see, Moody v Moody, 172 AD2d 730). Furthermore, because plaintiff has continuously resided in the marital residence and has paid all the maintenance charges on it, the court should have directed that plaintiff may purchase defendant's share in the residence, rather than direct that it be sold and the proceeds divided.

The record reveals that, at the hearing before the Judicial Hearing Officer, defendant's counsel conceded that defendant was not entitled to 50% of the value of the vacant land in Christ Church, Barbados. Nonetheless, the court directed that the property be sold and the proceeds divided equally. That was improvident. Plaintiff offered evidence that the down payment came from a source related to her employment. Because there is no evidence that the property was purchased with funds that can be traced to the marital relationship, it would be inequitable to distribute any portion of that property to defendant (see, Gross v Gross, 160 AD2d 976).

Consequently, we modify the fourth decretal paragraph to delete the direction that the parcels located (1) at 164 Lefferts Avenue, Brooklyn, and (2) in Christ Church, Barbados, be sold. In addition, we modify the fifth decretal paragraph to direct (1) that the proceeds from the sale of the Eden Lodge, Barbados, property shall be divided equally between the parties after payment of attorney and brokerage fees and closing costs; (2) that plaintiff may purchase defendant's 10% interest in the 164 Lefferts Avenue, Brooklyn, property; and (3) that the Christ Church, Barbados, property be deemed plaintiff's separate property. (Appeal from Judgment of Supreme Court, Queens County, La Fauci, J.H.O.—Equitable Distribution.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.