■ GEORGE W. McGARRITY, Respondent, v JANICE C. McGARRITY, Appellant. [622 NYS2d 521] —In an action for divorce and ancillary relief, the defendant wife appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Putnam County (Fitzer, J.H.O.), dated August 26, 1992, as (1) failed to award her equitable distribution of certain property, (2) awarded her maintenance in the sum of only $30,000 per year until "at least the time that Plaintiff attains the age of 65", and (c) directed the plaintiff husband to pay only $5,000 as and for her attorney's fees.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting from the thirteenth decretal paragraph thereof the words, "the sum of $5,000.00", and substituting therefor the words "the sum of $11,000"; and (2) deleting the third decretal paragraph thereof and substituting therefor the following decretal paragraph: "ORDERED, ADJUDGED and DECREED, that the defendant, Janice McGarrity, shall be entitled to the sum of $323,450, representing her share of the plaintiff/husband's profit-sharing plan which was valued at $558,000 as of December 31, 1989, and the plaintiff, George W. McGarrity, is directed to cooperate with the defendant so that the defendant may obtain equitable distribution of said interest in said profit-sharing plan by qualified Domestic Relations Order or otherwise. The defendant's share of plaintiff's profit-sharing plan shall be subject to later allowances as set forth herein; and it is further,"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

The parties were married in 1962, and have three children, all of whom have reached their majority. While the wife remained at home raising the couple's three children, working outside the home at times, the husband pursued his M.B.A. degree, and went on to achieve a high degree of success with a firm at which he has been employed since 1972. In his most recent position as Vice President of Marketing and Sales, the husband earned an average of nearly $300,000 per year from 1985 to 1991. After leaving the marital residence in 1986, the

wife completed her college education, and obtained a Master's Degree in Social Work in 1988. Since that time, she has been employed full-time as a social worker, earning nearly $32,000 in 1992.

The wife challenges as inadequate both the amount and duration of the trial court's award of $30,000 per year maintenance to terminate, at the earliest, when the husband, now 59 years of age, reaches the age of 65. We find no merit to this claim. It is settled that "[t]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court" *(Sperling v Sperling,* 165 AD2d 338, 341), which "must take into account the financial circumstances of both parties, including their reasonable needs and means" *(Feldman v Feldman,* 194 AD2d 207, 218). A court must also consider the paying spouse's present and anticipated income, the payee spouse's present and future earning capacity, and both parties' preseparation standard of living *(Feldman v Feldman, supra).* The court's award of $2,500 per month will amply supplement the wife's $2,600 monthly income, from which she must expend approximately $1,000 per month to pay the expenses of the marital residence, valued at $180,000, title to which she is to receive by virtue of the divorce judgment. Moreover, the court did not improvidently exercise its discretion in ordering the payments to continue at least until the husband reaches age 65, with the payments to cease only when he retires. Not only is the wife now gainfully employed, but at the time the husband retires, both parties will begin to receive their substantial distributions from the husband's profit-sharing plan, of which the wife's net share, is $213,450, after certain deductions specified in the judgment and with the additional amount awarded to her by this Court *(see, Sperling v Sperling, supra,* at 342; *Schlosberg v Schlosberg,* 163 AD2d 381).

The wife's claim regarding the husband's dissipation of marital assets has merit, specifically in connection with the $88,900 contained in the Country Bank account. The husband's Statement of Net Worth indicated that the money in this account derived from his earnings during the marriage. In his most recent Statement of Net Worth dated July 1992, the husband listed no balance for this account. Moreover, at the trial, the husband testified that while the account was still in existence, he had "no idea" as to the balance it contained. Since there was the sum of $88,900 in this account on the date of valuation, and because this account was a marital asset inasmuch as the source of the funds therein was the hus-

band's earnings, the wife is entitled to one-half of this sum, i.e., $44,450. The husband has failed to establish that funds withdrawn from this account were used for legitimate marital expenses. Accordingly, we are awarding the wife an additional $44,450 of the husband's profit-sharing plan, increasing her gross share of this marital asset to $323,450 (see, Contino v Contino, 140 AD2d 662, 663; Harrell v Harrell, 120 AD2d 565).

The husband testified at trial that he inherited in excess of $250,000 from his mother and his brother. The major portion of those inheritances was received subsequent to the parties' physical separation. The husband deposited certain of these funds into the parties' joint accounts. As a result, the wife argues, these funds were transmuted into marital property, of which she is entitled to her equitable share. The husband sufficiently traced the funds from his inheritances to deposits into the parties' joint bank accounts. Moreover, he established that he simply deposited the money into whatever bank account was most convenient, whether near his office in Manhattan, or near the marital residence. Significantly, the bulk of the inheritance money was not received by the husband until after the parties were living separately, thus demonstrating the absence of any donative intent by the husband despite the wife's continued access to the accounts (see, Feldman v Feldman, 194 AD2d, supra, at 216).

Considering "the financial circumstances of both parties together with all the other circumstances of the case" (De-Cabrera v Cabrera-Rosete, 70 NY2d 879, 881), we conclude that the award to the wife for attorney's fees should be increased from $5,000 to $11,000.

The appellant's remaining contentions do not warrant further modification of the judgment. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.