■ RICHARD C. HOADLEY, Appellant, v DARLENE F. HOADLEY, Respondent. [623 NYS2d 447] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: As limited by his brief *(see, Ciesinski v Town of Aurora,* 202 AD2d 984), plaintiff challenges on appeal that portion of a judgment that provided for equitable distribution of the parties' property, ordered plaintiff to pay maintenance to defendant, and awarded defendant $3,000 in attorney's fees. Plaintiff's primary contention is that Supreme Court improperly categorized, valued, and distributed the marital residence and a restaurant business known as "Hoadley's Hut". Plaintiff also contends that the court erred in awarding maintenance to defendant for five years and in ordering plaintiff to pay $3,000 of defendant's attorney's fees.

We agree with plaintiff that the court erred in concluding that the restaurant business was marital property. The court's conclusion is irreconcilable with the court's conclusion that the real property where the restaurant is located is plaintiff's separate property, and is belied by the uncontradicted proof that the business was established three years prior to the marriage; that it was thriving, relatively speaking, at the time of the marriage; that plaintiff alone was listed as the proprietor on the DBA certificate; and that he alone has enjoyed the profits and incurred the losses. Moreover, the uncontroverted proof that defendant was paid wages during periods of her employment is inconsistent with her claims of "partnership".

Under the circumstances, we conclude that the restaurant business is plaintiff's separate property and that defendant is not entitled to any portion of it. Where, as here, the restaurant business was ongoing and belonged exclusively to plaintiff at the time of the marriage, defendant's interest, if any, would be limited to the portion of the appreciation of the restaurant business during the marriage that was attributable to the parties' efforts rather than to market forces *(see,* Domestic Relations Law § 236 [B] [1] [d] [3]; *Monks v Monks,*

134 AD2d 334, 336; *see generally, Price v Price,* 69 NY2d 8, 15-19). Thus, in order for defendant to be entitled to any part of the value, there must be proof that the value increased between 1984 and 1990. Here, the sole proof of value was based on a capitalization of income approach and established that the income had declined almost steadily from 1984 to 1990. Therefore, the restaurant business did not appreciate in value and there is no portion that can be deemed marital property distributable to defendant. Thus, we modify the judgment appealed from by vacating those portions of the judgment concluding that the restaurant business is marital property and distributing any portion of the restaurant business to defendant and by providing that the restaurant business is separate property. We remit the matter to Supreme Court for recalculation of the net distributive award.

We have considered plaintiff's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Cattaraugus County, Sprague, J.—Equitable Distribution.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.