■ DENIS A. ROCCHIO, Appellant-Respondent, v CYNTHIA L. ROCCHIO, Respondent-Appellant. [623 NYS2d 917] —In a matrimonial action in which the parties were divorced by a judgment dated December 12, 1985, (1) the plaintiff appeals from stated portions of a judgment of the Supreme Court, Westchester County (Wood, J.), dated July 30, 1993, which, after a hearing, *inter alia,* granted the defendant's motion for an upward modification of child support and ordered the entry of a judgment in her favor for child support arrears, and (2) the defendant appeals from so much of an order of the same court, entered February 23, 1994, as granted the plaintiff's application for a downward modification of child support.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court did not improvidently exercise its discretion by granting the defendant's application for an upward modification of child support. The defendant demonstrated that the combination of her own income and the plaintiff's child support obligation, as set forth in the parties' separation agreement, is not adequate to meet the children's needs *(see, Matter of Brescia v Fitts,* 56 NY2d 132). In any event, in light of his refusal to provide financial disclosure, the plaintiff cannot contend that the Supreme Court lacked a factual basis for the upward modification of child support *(see,* 22 NYCRR 202.16 [k] [4], [5]; Domestic Relations Law § 240 [1-b] [k]).

In awarding the defendant a judgment for child support arrears, the Supreme Court directed the plaintiff to pay the annual cost-of-living adjustments as provided in the parties' separation agreement. Contrary to the plaintiff's contention, the defendant did not waive her right to those adjustments by failing to notify the plaintiff of the increases each year. The separation agreement specifically provides that the failure of either party to insist on strict performance of any of its terms shall not be construed as a waiver. In any event, a parent's statutory obligation to support his or her child may not be waived *(see,* Domestic Relations Law § 32 [3]; *Matter of Coger v Cusumano,* 191 AD2d 493).

The plaintiff contends that, since the separation agreement is silent on the issue, the Supreme Court erred by directing him to pay for the children's college expenses. However, a court may direct that a parent pay college expenses, even when the separation agreement does not so provide, as long as the circumstances warrant it *(see,* Domestic Relations Law § 240 [1-b] [c] [7]; *Cohen v Cohen,* 203 AD2d 411; *Matter of Montagnino v Montagnino,* 163 AD2d 598). Here, both parties have college degrees, the children attend schools from which most children go to college, the defendant earns approximately $26,000 per year and the plaintiff, who admitted to an annual income in excess of $80,000, did not dispute that he was financially able to pay for his children's college education.

On her appeal, the defendant contends that the Supreme Court erred by granting the plaintiff's application for a downward modification of his child support obligation due to one child's change of residence from the defendant's home to the

plaintiff's home. However, the parties' separation agreement requires the plaintiff to pay support to the defendant only for unemancipated children and defines an emancipation event, *inter alia,* as "a permanent residence away from the residence of the wife" *(see also,* Domestic Relations Law § 240 [1-b] [b] [2]; *Tuchrello v Tuchrello,* 204 AD2d 1020; *Gallina v Gallina,* 162 AD2d 219; *cf., Risely v Risely,* 173 AD2d 1103). The proof submitted to the Supreme Court supports its determination that the child is now living with the plaintiff when she is not away at college. This change of residence does not relieve the plaintiff of his obligation to support the child but only relieves the plaintiff of his obligation to make support payments to the defendant for the child. Moreover, it was proper for the Supreme Court to reduce the plaintiff's child support obligation by one-half since it now applies to only one child rather than two.

The parties' remaining contentions are without merit. Lawrence, J. P., Altman, Hart and Krausman, JJ., concur.