■ RONALD E. BRUGGE, Appellant, v KENDRA L. BRUGGE, Respondent. [667 NYS2d 180] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in finding that an $80,000 interest in Marquardt's Mobile Manor, which was transferred by plaintiff to defendant during the marriage, constitutes the separate property of defendant. Interspousal gifts made during the marriage constitute marital property subject to equitable distribution (*see, Chase v Chase*, 208 AD2d 883, 884; *Foppiano v Foppiano*, 166 AD2d 550, 551; *Brown v Brown*, 148 AD2d 377, 381; *Woertler v Woertler*, 110 AD2d 947).

The court did not err, however, in finding that money deposited by defendant in the parties' joint bank account con-

stitutes her separate property. Defendant established that the joint account was used only as a conduit for the transfer of her capital interest from one business owned by her family to another, thus rebutting the presumption that, by depositing the funds into a joint account, separate property was transmuted into marital property (*see, McGarrity v McGarrity*, 211 AD2d 669, 671; *Feldman v Feldman*, 194 AD2d 207, 215-216). Additionally, the court did not improvidently exercise its discretion in awarding sole custody of the parties' children to defendant.

Thus, we modify the judgment by deleting the third and fifth decretal paragraphs of the judgment. Because the court did not consider the $80,000 interest in Marquardt's Mobile Manor as marital property subject to equitable distribution, we remit the matter to Supreme Court for further proceedings regarding equitable distribution of all of the marital assets. (Appeal from Judgment of Supreme Court, Wayne County, Parenti, J.—Equitable Distribution.) Present—Denman, P. J., Green, Callahan, Balio and Fallon, JJ.