■ ROGER HERMANN, Respondent, v GAIL HERMANN, Appellant. [717 NYS2d 239] —In a matrimonial action in which the parties were divorced by a judgment dated May 18, 1992, the defendant appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated August 9, 1999, which, after a hearing, denied that branch of her motion which was, in effect, to enforce the child support increase provision contained in the parties' judgment of divorce, and to recover alleged child support arrears pursuant thereto.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied that branch of the defendant's motion which was to recover alleged child support arrears pursuant to the parties' judgment of divorce. Contrary to the defendant's contention, the provision of the parties' stip-

ulation of settlement governing increases in child support contains a condition precedent. The provision at issue requires the plaintiff to pay the agreed-upon amount of $400 per week per child. Any increase in child support, under the agreement, would require that the defendant present proof of an increase of the United States Bureau of Labor Statistics Consumer Price Index for All Urban Wage Earners for the New York-Northeastern New Jersey Area (hereinafter the consumer price index) and of the plaintiff's increased income. Moreover, it was the defendant's burden to prove that the plaintiff's income had increased proportionally to any increase in the consumer price index (*see, Lindenbaum v Royco Prop. Corp.,* 165 AD2d 254; Williston, Contracts § 38:7 [4th ed]; Calamari & Perillo, Law of Contracts, § 11-5 [3d ed]; *cf., Mereminsky v Mereminsky,* 20 Misc 2d 21). The Supreme Court correctly determined that the defendant failed to present evidence to support the request for increased child support and an award of arrears pursuant thereto.

The defendant's remaining contentions are without merit. Santucci, J. P., Sullivan, Altman and Krausman, JJ., concur.