■ DEBORAH E. KENNEY, Appellant, v GREGORY S. LUREMAN, Respondent. [778 NYS2d 821]—

Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered January 3, 2003. The judgment, inter alia, distributed the parties' marital property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the credit to defendant in the amount of $1,500 representing one half of the value of the Citigroup and Diston (now known as Visteon) Corp. stocks, vacating the provision that the parties evenly divide the Ford Motor Credit Co. stock, and providing that plaintiff is the sole owner of the Citigroup, Diston (now known as Visteon) Corp. and Ford Motor Credit Co. stocks and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: On appeal from a judgment of divorce, plaintiff contends that Supreme Court erred in denying her claim for a credit for her contribution of separate property toward the purchase and improvement of the marital residence. We reject that contention. The court did not abuse its discretion in deeming the residence to be marital property in its entirety and in distributing its net equity one half to each party to this long-term marriage, to which both parties made substantial financial and nonfinancial contributions (*see Smith v Smith*, 162 AD2d 346, 347 [1990], *lv denied* 77 NY2d 805 [1991]; *Schieck v Schieck*, 138 AD2d 688, 689 [1988]).

We agree with plaintiff, however, that the court erred in

determining that plaintiff's stock holdings in Citigroup, Diston (now known as Visteon) Corp. and Ford Motor Credit Co. were marital property and in distributing those stock holdings equally between the parties. We conclude that plaintiff sustained her burden of establishing that the stock holdings in question were her separate property (*see* Domestic Relations Law § 236 [B] [1] [d] [1]), based upon her uncontroverted testimony that she either inherited them or purchased them with inherited funds (*see Brugge v Brugge,* 245 AD2d 1113, 1113-1114 [1997]; *McGarrity v McGarrity,* 211 AD2d 669, 671 [1995]; *Feldman v Feldman,* 194 AD2d 207, 215-216 [1993]; *Sarafian v Sarafian,* 140 AD2d 801, 804 [1988]). We therefore modify the judgment accordingly, and we remit the matter to Supreme Court for recalculation of the net distributive award (*see Hoadley v Hoadley,* 212 AD2d 1036, 1037 [1995]; *Bowen v Bowen,* 202 AD2d 1062, 1063 [1994], *lv denied* 84 NY2d 805 [1994]). Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.