■ JACQUELINE BODZAK, Respondent, v WILLIAM BODZAK, Appellant. [853 NYS2d 166]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 26, 2006, as, after a hearing, denied his motion for pendente lite child support, (2) from an order of the same court dated August 21, 2006, which granted the plaintiff's motion for an award of child support arrears, and (3), as limited by his brief, from so much of a judgment of the same court dated January 19, 2007, as, upon the order dated August 21, 2006, awarded the plaintiff the principal sum of $16,500 as arrears of child support.

Ordered that the appeal from the order dated August 21, 2006 is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated June 26, 2006 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the plaintiff's motion for an award of child support arrears is denied, and the order dated August 21, 2006 is modified accordingly.

The appeal from the intermediate order dated August 21, 2006 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court found that the parties' son became constructively emancipated when he moved from the mother's home to the father's home in September 2003 and that the parties' daughter became constructively emancipated when she made the same change of residence in May 2005. In the exercise of our independent power of factual review (*see Matter of Stew-*

*ard v Steward*, 25 AD3d 714, 715 [2006]; *Parker v Parker*, 240 AD2d 554 [1997]), we find that the children's constructive emancipations qualify as a permanent change of residence away from the mother as contemplated by article XXI, paragraph E of the provision entitled "Emancipation Events" set forth in the parties' separation agreement. Thus, the father was relieved of any obligation to pay child support to the mother from the time of the emancipations forward (*see generally Matter of Stern v Stern*, 40 AD3d 1108, 1109 [2007]; *Rocchio v Rocchio*, 213 AD2d 535, 537 [1995]). Indeed, paragraph E of the emancipation section of the parties' separation agreement recognizes that an emancipation could be rescinded if a child, having established a permanent residence elsewhere, subsequently returned to the mother's home. The mother's hearing testimony that the children left her home against her wishes, and that her home was always open to her son and daughter, does not negate a finding that the children, who never returned to the mother's home, became emancipated from the mother under the defined terms of the separation agreement. Accordingly, the Supreme Court erred in awarding the mother child support arrears that otherwise would have accrued during the period of emancipation.

The Supreme Court properly denied the father's motion for an award of pendente lite child support from the mother after both children moved in with him (*see generally Topf v Topf*, 45 AD3d 760, 761-762 [2007]). The record reveals that in late 2003, prior to commencement of the matrimonial action, the father, with the mother's consent, stopped making child support payments because the parties' son was residing with him and their daughter was residing with the mother. Neither party at that time sought to modify the separation agreement, but instead resorted to this self-help measure. Even after the daughter began living with the father in May of 2005 during the pendency of the action, the father never specifically moved for a modification of the separation agreement itself. Moreover, the parties never modified the child support obligations in a signed writing, as required by article XXVIII of their separation agreement (*see Mancini v Mancini*, 236 AD2d 449, 449-450 [1997]).

The parties' remaining contentions have been rendered academic in light of our determination. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.