Mercure, J.
Appeal from an order of the Supreme Court (Connolly, J.), entered April 6, 2011 in Albany County, which, among other things, granted defendant’s cross motion to direct entry of a domestic relations order.
The parties entered into a partial property agreement that, as amended, was incorporated but not merged into their 1999 judgment of divorce. In that agreement, the parties consented to value defendant’s pension as of May 21, 1998 — the date of commencement of the divorce action — and to calculate plaintiff’s share using the Majauskas formula, equally dividing the marital portion of the pension (see Majauskas v Majauskas, 61 NY2d 481 [1984]). As of May 1998, the parties had been married for approximately 251/2 years, and defendant had accrued approximately 28 years of state service.
A dispute thereafter arose as to whether the agreement directed that the marital share of the pension should be valued as of the 1998 commencement of the divorce action or as of defendant’s 2010 retirement. The parties moved for entry of domestic relations orders that comported with their differing readings of the agreement. Supreme Court adopted defendant’s interpretation of the agreement and directed that plaintiff receive 50% of the marital portion of the pension based upon defendant’s earnings and years of credited service as of May 21, 1998. Plaintiff now appeals.
We affirm. A settlement agreement incorporated into a divorce judgment is subject to the principles of contract interpretation and, if its language “is unambiguous, its terms are given their plain and ordinary meaning, and the parties’ intent is determined without resort to extrinsic evidence” (Dagliolo v Dagliolo, 91 AD3d 1260, 1260 [2012]; see Matter of Gursky v Gursky, 93 AD3d 1127, 1127-1128 [2012]). Here, while relying upon the Majauskas formula to calculate plaintiff’s share of defendant’s *1130 pension benefit, the agreement specified that “[t]he date of valuation of the pension for purposes of equitable distribution is agreed to be May 21, 1998,” and limited plaintiffs share to 50% of the marital portion of the “accrued retirement benefit as of that date” (emphasis added). In our view, Supreme Court properly concluded from this unambiguous language that plaintiffs share of the pension emanates exclusively from the marital portion as valued at the time of the commencement of the divorce action. Accordingly, we perceive no reason to disturb its determination (see Wojtaszek v Wojtaszek, 64 AD3d 1035, 1036 [2009]; Condon v Condon, 46 AD3d 596, 597-598 [2007]; cf. Smith v Smith, 59 AD3d 905, 906-907 [2009]).
Plaintiffs remaining arguments have either been rendered academic in light of the foregoing or are without merit.
Peters, P.J., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.