■ Robinson B. Lacy, Respondent, v Elizabeth Lacy, Appellant. [980 NYS2d 92]—

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered October 12, 2002, which, to the extent appealed from as limited by the briefs, denied defendant wife's motion for child support arrears and granted plaintiff husband's cross motion to terminate his child support obligations due to the child's emancipation, unanimously affirmed, without costs.

The evidence establishes that pursuant to the parties' divorce settlement agreement, which requires plaintiff to pay defendant child support until the children become emancipated and defines emancipation as including having a "[p]ermanent residence away from the residence of the Wife," plaintiff was properly relieved of his child support obligations (*Rocchio v Rocchio*, 213 AD2d 535, 536-537 [2d Dept 1995]). The motion court correctly determined that the parties' youngest son, the only unemancipated child, continuously resided with plaintiff, who has been paying the majority of the child's expenses, including educational and medical costs, since May 2011. Contrary to defendant's argument, the child's residence with defendant in New York is not a temporary residence akin to a college dormitory. Although he attends college in New York, he has resided with plaintiff during at least one summer vacation, receives mail at his father's residence, and obtained a New York City driver's license listing his father's address. In contrast, he has visited defendant's home in Connecticut sporadically, during portions of his college vacations. In addition, both parties acknowledge that the child prefers to live in New York.

Defendant is not entitled to child support arrears for additional child support expenses. She does not dispute that she failed to submit adequate documentation in the form of receipts or other firsthand evidence to substantiate her claims or to state with any specificity which expenses warrant reimbursement, as required by the settlement agreement (*Hermann v Hermann*, 278 AD2d 200, 200-201 [2d Dept 2000]). In any event, as the motion court found, plaintiff reimbursed defendant for numerous expenses and tried to decipher the voluminous lists of expenses she provided to determine which ones were legitimate expenses requiring reimbursement. Concur—Acosta, J.P., Andrias, Saxe, Freedman and Feinman, JJ.