# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**735**

**CA 13-02043**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

MICHELE FRIDMANN-HARKIEWICZ, ALSO KNOWN AS
MICHELE HARKIEWICZ, PLAINTIFF-RESPONDENT,

V                                            MEMORANDUM AND ORDER

GARY ARTHUR HARKIEWICZ, ALSO KNOWN AS GARY
HARKIEWICZ, DEFENDANT-APPELLANT.

---

CHARLES A. MESSINA, BLASDELL, FOR DEFENDANT-APPELLANT.

SHAW & SHAW, P.C., HAMBURG (JAMES M. SHAW OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

DONNA L. HASLINGER, ATTORNEY FOR THE CHILDREN, BUFFALO.

---------------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 1, 2013 in a divorce action. The judgment, among other things, distributed the marital assets and ordered defendant to pay spousal maintenance and child support.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sum set forth in the sixth decretal paragraph and substituting therefor the sum of $8,320, directing that the Prudential IRA and Vision Group IRA be distributed to defendant as separate property, and by adding thereto a provision pursuant to Domestic Relations Law § 236 (B) (7) (d) notifying the parties of their right to seek a modification of the child support and as modified the judgment is affirmed without costs.

Memorandum: Defendant appeals from a judgment of divorce that, insofar as appealed from, distributed the marital assets and ordered him to pay maintenance and child support to plaintiff. We note at the outset that, while Supreme Court properly considered the appreciation in the value of the marital residence, the court made a mathematical error when it calculated the value of the distributive award. Plaintiff's distributive award should have been $8,320, not $8,350, and we therefore modify the judgment accordingly. In addition, we agree with defendant that the IRAs are defendant's separate property and should be distributed to him accordingly (*see Hoadley v Hoadley*, 212 AD2d 1036, 1036-1037). We therefore further modify the judgment accordingly. We reject defendant's contention concerning child support and maintenance. Finally, although defendant is correct that the court failed to include the required notice pursuant to Domestic Relations Law § 236 (B) (7) (d) in the judgment, we conclude that the

court's failure does not require reversal (*see Mejia v Mejia*, 106 AD3d 786, 789).  Rather, we further modify the judgment by including that notice.

Entered:  July 11, 2014                                    Frances E. Cafarell
                                                           Clerk of the Court