■ In the Matter of HEROLDO R. RICHARDSON, Appellant, v LAURA THOMPSON, Respondent. [41 NYS3d 534]—

Appeal by the father from an order of the Family Court, Orange County (Debra J. Kiedaisch, J.), dated February 23, 2015. The order denied the father's objections to an order of that court (Christine Patneaude Krahulik, S.M.) dated October 16, 2014, which, in effect, denied his motions with respect to a prior order of that court dated June 10, 2014.

Ordered that the order dated February 23, 2015, is affirmed, without costs or disbursements.

The father and the mother are the parents of a child born in September 1996. In May 2000, the father was directed, by order of the Family Court, to pay child support. In February 2014, the father filed a petition to modify his child support obligation. Following a hearing, in an order dated June 10, 2014, the Support Magistrate denied the petition, and the father filed objections. The Family Court denied the father's objections on the ground that he failed to establish proper service of the objections since the mother's name and address were not included on the affidavit of service. Thereafter, the father filed

three motions with respect to the order dated June 10, 2014: a "motion to dismiss," by which he sought to "reverse" that order, a "motion to amend" the order, and a "motion to re[-]serve" the mother with his objections. In an order dated October 16, 2014, the Support Magistrate, in effect, denied the motions as irregular and not in proper form. The father filed objections to the order dated October 16, 2014, and in the order appealed from, the Family Court denied his objections.

The Family Court properly concluded that none of the father's motions were specifically identified as motions for leave to renew or reargue (*see* CPLR 2221 [d] [1]; [e] [1]; [f]). Even if any of the father's motions may be treated as a motion for leave to reargue (*see Jovanovic v Jovanovic*, 96 AD3d 1019, 1020 [2012]; *Abrams v Berelson*, 94 AD3d 782, 783-784 [2012]), no appeal lies from an order denying reargument (*see Matter of New S. Ins. Co. v Rosado*, 125 AD3d 867 [2015]; *Basile v Wiggs*, 117 AD3d 766 [2014]). To the extent that any of the father's motions may be treated as a motion for leave to renew, the court properly determined that he failed to show that the proffered new facts would change the determination that his proof of service of his objections on the mother was deficient, and, therefore, that the father failed to satisfy a condition precedent to filing timely written objections to the order dated June 10, 2014 (*see* Family Ct Act § 439 [e]; CPLR 306; *Matter of Cooper v Lathillerie*, 122 AD3d 626, 627 [2014]; *Matter of Hidary v Hidary*, 79 AD3d 880, 881 [2010]; *Matter of Simpson v Gelin*, 48 AD3d 693, 693-694 [2008]). Accordingly, the court properly denied the father's objections to the Support Magistrate's order dated October 16, 2014. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.