Matter of Yerdon v Yerdon (2019 NY Slip Op 05748)





Matter of Yerdon v Yerdon


2019 NY Slip Op 05748


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

528282

[*1]In the Matter of SHELLEY M. YERDON, Appellant,
v
BRADLEY S. YERDON, Respondent.

Calendar Date: June 6, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ.


Casale Law Firm, PLLC, Gloversville (Anthony Casale of counsel), for appellant.
Smith Hoke, PLLC, Slingerlands (Meredith A. Moriarty of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from an order of the Supreme Court (Skoda, J.), entered July 10, 2018 in Fulton County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior support obligation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 2000 and are the parents of one child (born in 2002). Ultimately, the marriage broke down and the mother commenced an action for divorce. In March 2016, the parties, both of whom were represented by counsel, entered into a settlement agreement (hereinafter the agreement), in which the parties agreed to opt-out of the Child Support Standards Act. Instead, the parties agreed that the mother would waive her right to child support from the father, in return for which the father agreed to convey his half interest in the marital residence to the mother. The agreement further contained a condition that, in the event that either party sought to modify the agreement, the modifying party was required to first return anything that he or she received under the agreement. This agreement was incorporated, but not merged, with a judgment of divorce entered April 15, 2016. Thereafter, in August 2017, the mother commenced this proceeding in Family Court to modify the child support provisions of the judgment of divorce. The father then brought on a motion in Supreme Court, by way of an order to show cause, requesting that the court compel the mother to return to him the money and the interest in the marital home that she received under the agreement. Supreme Court consolidated both applications and dismissed the mother's petition, finding that the agreement was enforceable and the mother failed to meet the condition precedent prior to filing for modification. The mother appeals.
We affirm. "A settlement agreement incorporated into a divorce judgment is subject to the principles of contract interpretation and, if its language 'is unambiguous, its terms are given their plain and ordinary meaning, and the parties' intent is determined without resort to extrinsic evidence'" (Van Orden v Van Orden, 96 AD3d 1129, 1129 [2012], quoting Dagliolo v Dagliolo, 91 AD3d 1260, 1260 [2012]; see O'Connor v O'Connor, 116 AD3d 1155, 1157 [2014]; Kumar v Kumar, 96 AD3d 1323, 1324-1325 [2012]). Here, the agreement states that if either party sought [*2]to modify the agreement, the party seeking modification "shall, in advance of and as a condition precedent to the commencement of such action or proceeding, retransfer, reconvey, return, reassign and repay to the other party all assets, income, payments, or other transfers or consideration which such party had received pursuant to [the] agreement."[FN1] This provision is not ambiguous. It simply requires that the party wishing to modify the agreement first return anything received under the agreement. The mother did not do so and, having failed to satisfy the condition precedent, her petition seeking modification was properly dismissed (see Van Orden v Van Orden, 96 AD3d at 1129; Dagliolo v Dagliolo, 91 AD3d at 1260-1261; Hermann v Hermann, 278 AD2d 200, 200 [2000]; cf. Matter of Richardson v Thompson, 144 AD3d 924, 925 [2016]).
To the extent that the mother argues that the condition precedent cannot be enforced because the parties did not opt out of their right to seek modification pursuant to Domestic Relations Law § 236 (B) (9) (b) (2) (ii), we find such argument unavailing. There is nothing in the agreement that prevents either party from seeking modification and, contrary to the mother's assertion, the condition precedent does not prevent either party from doing so (cf. Matter of Noel v LePage, 133 AD3d 1129, 1131 [2015], lv denied 27 NY3d 902 [2016]; Matter of Laeyt v Laeyt, 268 AD2d 815, 816 [2000]). Accordingly, because the parties may seek modification on any ground if they satisfy the condition precedent, the language referenced in Domestic Relations Law § 236 (B) (9) (b) (2) (ii) is not required (see Matter of Lagani v Li, 131 AD3d 1246, 1248 [2015]; see generally Bishop v Bishop, 170 AD3d 642, 644 [2019]).
Garry, P.J., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: We reject the mother's contention that the agreement is unenforceable because it does not contain the language specified in Domestic Relations Law § 236 (B) (7) (d). Assuming, without deciding, that such language must be included in a settlement agreement, such infirmity would not void the entire agreement. Rather, it would serve as a ground to modify the agreement to include the relevant language (see Fridmann-Harkiewicz v Harkiewicz, 119 AD3d 1428, 1429 [2014]; Mejia v Mejia, 106 AD3d 786, 789 [2013]).