Matter of Ibrahim v Ibrahim (2020 NY Slip Op 06526)





Matter of Ibrahim v Ibrahim


2020 NY Slip Op 06526


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-12699
 (Docket No. F-5422-09/17D)

[*1]In the Matter of Andrea Ibrahim, respondent,
v
Yahya Ibrahim, appellant.


DeGuerre Law Firm, P.C., Staten Island, NY (Anthony DeGuerre of counsel), for appellant.
Adelola Sheralynn Dow, Staten Island, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Peter F. De Lizzo, J.), dated October 7, 2019. The order denied the father's objections to an order of the same court (Janele Hyer-Spencer, S.M.) dated August 6, 2019, which denied the father's motion for leave to reargue or, in effect, renew his prior motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Janele Hyer-Spencer, S.M.) dated May 24, 2018, made upon his failure to appear at a scheduled hearing, granting the mother's petition for an upward modification of the father's child support obligation, which had been denied in an order of the same court (Janele Hyer-Spencer, S.M.) dated October 22, 2018.
ORDERED that the appeal from so much of the order dated October 7, 2019, as denied the father's objections to so much of the order dated August 6, 2019, as denied that branch of his motion which was for leave to reargue is dismissed; and it is further,
ORDERED that the order dated October 7, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the mother.
The parties were divorced in 2012, and the father was directed to pay child support for the parties' child. In August 2017, the mother filed a petition for an upward modification of the father's child support obligation. After the father failed to appear for scheduled hearing dates on two consecutive occasions, in an order dated May 24, 2018, the Support Magistrate granted the mother's petition upon the father's default. The Family Court denied the father's objections to the order dated May 24, 2018, as procedurally improper. The father then moved pursuant to CPLR 5015(a)(1) to vacate the order dated May 24, 2018. In an order dated October 22, 2018, the Support Magistrate denied the father's motion. The court denied the father's objections to the order dated October 22, 2018, as untimely. The father thereafter moved for leave to reargue and, in effect, renew his prior motion to vacate the order dated May 24, 2018. In an order dated August 6, 2019, the Support Magistrate denied the father's motion for leave to reargue and, in effect, renew. In an order dated October 7, 2019, the court denied the father's objections to the order dated August 6, 2019. The father appeals from the order dated October 7, 2019.
As a threshold matter, the denial of that branch of the father's motion which was for leave to reargue his prior motion to vacate the order dated May 24, 2018, is not appealable (see Matter of Richardson v Thompson, 144 AD3d 924, 925).
To the extent that the father's motion was, in effect, for leave to renew his prior motion to vacate the order dated May 24, 2018, we agree with the Support Magistrate's determination denying that branch of the father's motion (see CPLR 2221[e]). Accordingly, we agree with the Family Court's determination denying the father's objections to so much of the order dated August 6, 2019, as denied that branch of his motion which was, in effect, for leave to renew (see Matter of Richardson v Thompson, 144 AD3d at 925).
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court