■ PATRICIA HENDRIX, Respondent, v ROYAL F. HENDRIX, Appellant. [768 NYS2d 840]—

Mugglin, J. Appeal from an order of the Supreme Court (Clemente, J.), entered November 4, 2002 in Sullivan County, which, inter alia, granted plaintiff's motion to modify a stipulation of settlement.

In their 1991 divorce action, these parties entered into a stipulation of settlement which was incorporated but not merged into the final divorce decree. At issue now is the income tax treatment of defendant's Navy pension. With respect to the pension, the parties agreed, at paragraph 25 of their stipulation of settlement: "The Wife shall be entitled to receive fifty percent of the Husband's gross monthly pension payment from the United States Navy as a property distribution for all monthly pension payments, commencing in September, 1991. The parties will be responsible for payment of applicable taxes on their respective distributive share." Plaintiff's apparent difficulties with the Internal Revenue Service prompted her to seek, among other things, a modification of paragraph 25 by deleting the last sentence, making defendant solely responsible for the income tax due on the pension. Supreme Court, concluding that the parties intended to consider the monthly pension payments as a property distribution, which would not be taxable, granted plaintiff this relief and defendant appeals.

A stipulation of settlement, not incorporated in a divorce decree, is an independent contract and is subject to the normal rules of contract interpretation (see Wenskoski v Wenskoski, 265 AD2d 635, 636 [1999]). In this respect, whether a writing is ambiguous is a question of law for the court, in the first instance (see Su v Su, 268 AD2d 945, 946 [2000], lv denied 95 NY2d 752 [2000]). To determine the intent of the parties, the entire document is examined (see Matter of Meccico v Meccico, 76 NY2d 822, 824 [1990]), and matters outside the document are considered only if the provision in question is determined as a matter of law to be ambiguous (see Su v Su, supra at 946; Matter of Vizvary v Vizvary, 265 AD2d 697, 698 [1999]). Applying these principles, we find no ambiguity in this agreement.

The manifest intent of the parties was to equitably divide their marital assets. One of these assets was defendant's pension. In the absence of sufficient marital assets to offset the award of the entire pension to defendant, the parties could either agree that defendant pay a distributive award* to plaintiff in lieu of her marital share of the pension or they could, as they did here, agree that the pension would be equally divided between them as the monthly payments were received. Since these pension payments were obviously taxable income, the parties agreed each would pay the tax on his or her respective share. We thus conclude that there was no basis for granting the modification sought by plaintiff.

---

* This division of an asset is clearly not a distributive award (see Domestic Relations Law § 236 [B] [1] [b]).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion; said motion denied; and, as so modified, affirmed.