■ LISA A. STEVENS, Respondent, v MICHAEL J. STEVENS, Appellant. [783 NYS2d 683]—

Carpinello, J. Appeal from an order of the Supreme Court (Austin, J.), entered August 1, 2003 in Warren County, which, inter alia, granted plaintiff's motion to hold defendant in contempt of court for failure to comply with a prior stipulation entered into between the parties.

At issue on this appeal is an order of Supreme Court which found defendant in contempt for failing to pay plaintiff, his ex-wife, $19,000 as required by a stipulation of settlement incorporated but not merged into a judgment of divorce. In essence, defendant contends that the disputed $19,000 obligation, first recited as part of an oral, in-court stipulation, was later subsumed by the terms of a subsequent, in-court stipulation. We disagree.

The record reflects that the parties, represented by counsel, appeared in court on September 3, 2002, the date set for the trial of their matrimonial action. After conferencing all day, the parties reached an agreement on many equitable distribution issues and put the terms of same on the record in the presence of Supreme Court. The transcript of this proceeding clearly indicates that defendant agreed to pay plaintiff $19,000, representing her share of the proceeds from the sale of two antique automobiles. The other marital assets disposed of at this time included several parcels of real property, mortgage receivables, an investment account, defendant's pension from a former employer and numerous items of personal property. The parties were to return to court the next day for a trial of all remaining, unresolved issues.

The transcript from the September 4, 2002 proceeding reveals that, after further discussion, the parties had "reached an agreement with regard to all of the equitable distribution [issues]" and certain changes to the prior day's stipulation were placed on the record. At the conclusion of this proceeding, the parties

adopted the oral stipulation in writing. Importantly, nowhere in the record of the September 4, 2002 proceeding did anyone indicate that the stipulation of that day was in lieu of, or a complete substitute for, the prior day's stipulation. The changes made that day included a $210,000 distributive award to plaintiff "in full satisfaction of all monies owed to [her] as set forth yesterday for the real property, as well as the $4,500 the parties agreed to with regard to a boat and trailer." No mention was made of defendant's prior day promise to pay plaintiff $19,000 for her share of the antique automobiles. Defendant argues that "logic and common sense dictate[ ]" that the parties intended the $210,000 distributive award to include all cash payments owed to plaintiff.

A matrimonial stipulation of settlement, which is incorporated but not merged into a judgment of divorce, is an independent contract subject to the normal rules of contract interpretation (*see Hendrix v Hendrix*, 2 AD3d 1257, 1258 [2003]; *Brennan v Brennan*, 300 AD2d 524, 525 [2002]). In ascertaining the intent of the parties, the entire document is examined and if its language is clear and unambiguous, the court's inquiry is ended (*see id.*). Here, we perceive no ambiguity in the parties' stipulation of settlement as transcribed over this two-day period. Defendant's interpretation of the stipulation, which consists of an unexpressed subjective intent, is insufficient to override its plain language. As we cannot read into the parties' stipulation language not contained therein (*see De Gaust v De Gaust*, 237 AD2d 862, 863 [1997]), we affirm.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.