■ JAMES M. ROSS, Appellant-Respondent, v KATHERINE A. ROSS, Respondent-Appellant. [791 NYS2d 187]—

Mugglin, J. Cross appeals from an order of the Supreme Court (Dowd, J.), entered May 29, 2003 in Madison County, which, inter alia, granted plaintiff's motion to amend a prior domestic relations order.

The parties were divorced in 2000 pursuant to a judgment of divorce which incorporated, but did not merge, the terms of an oral stipulation entered into by the parties in open court. As relevant here, the parties agreed that defendant's interest in plaintiff's pension plan would be determined by the *Majauskas* formula (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]) and that she would receive a proportionate share of any preretire-

ment or postretirement death benefit, any COLA provisions contained within the pension and a joint and survivor death benefit.\* Defendant prepared and Supreme Court signed a Qualified Domestic Relations Order (hereinafter QDRO), which also accorded an interest in "any temporary or supplemental benefits that may become payable . . . under the Plan."

Thereafter, plaintiff moved to amend the QDRO to strike the language regarding temporary or supplemental benefits, alleging that the clause was not agreed upon by the parties. Supreme Court concurred and struck the language from the QDRO. The court also found, however, that defendant was entitled to receive a portion of plaintiff's Social Security supplement of his pension because the supplement was not specifically excluded in the stipulation. Plaintiff appeals and defendant cross-appeals from that portion of the order that deleted the language in the QDRO regarding temporary and supplemental benefits.

Plaintiff does not dispute that the supplemental Social Security benefit accrued incrementally during his years of employment while married and, thus, constituted marital property (*cf. Olivo v Olivo*, 82 NY2d 202, 207 [1993]).

The settlement stipulation is an independent contract, subject to the principles of contract interpretation, including the rule requiring us "to ascertain 'the intent of the parties . . . from within the four corners of the instrument, and not from extrinsic evidence' " when the language of the stipulation is unambiguous (*Keith v Keith*, 241 AD2d 820, 822 [1997], quoting *Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *see McCoy v Feinman*, 99 NY2d 295, 302 [2002]). We find no ambiguity. When plaintiff's counsel stipulated that defendant "shall have her interest fixed in this Bell Atlantic pension plan," the language used would include all benefits—i.e., the basic pension and the Social Security supplement—because the plan includes both. The additional language concerning defendant's right to also share in any COLA or death benefits was added by her attorney to clarify her rights upon the happening of certain contingencies, not to limit her share to only a portion of the plan benefits. Indeed, absent such language, defendant would have no right to share in a death benefit (*see Kazel v Kazel*, 3 NY3d 331, 335 [2004]).

Accordingly, because "[a] proper QDRO obtained pursuant to a stipulation of settlement can convey only those rights to which the parties stipulated as a basis for the judgment" (*McCoy v*

---

\* Plaintiff avers that upon his retirement, he received a lump-sum payment of his pension benefits and defendant received her pro rata portion of this lump-sum benefit.

*Feinman, supra* at 304; *see Von Buren v Von Buren*, 252 AD2d 950, 950-951 [1998]), Supreme Court properly struck the language in the parties' QDRO providing for the distribution of supplemental and temporary benefits and also properly concluded that the Social Security supplement was part of the pension plan and subject to equitable distribution.

Mercure, J.P., Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.