■ THOMAS E. ZEBROWSKI, Appellant, v ELLEN J. ZEBROWSKI, Respondent. [813 NYS2d 803]—

Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered January 19, 2005 in Schenectady County, which, inter alia, awarded defendant a share of plaintiff's employee savings plan.

Following plaintiff's commencement of this divorce action in 2000, Supreme Court issued a January 2002 decision which, among other things, granted plaintiff a divorce and distributed various marital property. In its decision, the court expressed an intent to divide the marital estate on a "50/50 basis," with the exception of defendant's degree and her resulting enhanced earning capacity (hereinafter collectively referred to as defendant's degree), 75% of which was awarded to defendant. Additionally, with the exception of plaintiff's General Electric Savings and Security (hereinafter GE S&S) account, the court valued each of the individual marital assets as of the date of the action's commencement. As to the GE S&S fund, however, the court directed that it be valued as of the date of the court's decision. In so doing, the court acknowledged the inherent volatility of the market-driven account and expressed its intent "that the parties should stand to gain or lose proportionately in any passive gains or losses between the time that [the GE S&S account] is valued and the time it's finally divided." Finally, the court determined that, after the parties' other marital assets were awarded to the individual spouses, the GE S&S fund would be divided in order to achieve the court's desired result. Specifically, it was anticipated that, after defendant was awarded certain of the marital assets, she would also receive a portion of the GE S&S account, by way of a qualified domestic relations order (hereinafter QDRO), in order to fully effectuate her award of 75% of her degree plus 50% of the remaining marital assets.

Following the parties' submission of contradictory proposed

judgments, as well as additional negotiations and hearings, Supreme Court issued a judgment in July 2003. Said judgment established a value for the GE S&S fund but, upon plaintiff's request, directed that the shortfall in defendant's award would be alleviated by a QDRO transferring funds from plaintiff's Lockheed Savings and Security (hereinafter Lockheed S&S) account, rather than from the GE S&S fund. Accordingly, the court ordered that a sum certain of $65,109.51 be transferred by QDRO from the Lockheed S&S fund to defendant.

The proposed QDRO that defendant thereafter submitted for Supreme Court's approval mandated that $65,109.51 be transferred to defendant, but also directed that defendant's "interest shall include accruals (which may be an increase or decrease of the above amount) attributable to her share after the valuation date and prior to distribution." Despite plaintiff's repeated objections to the accrual provision of the proposed QDRO, the order was adopted by Supreme Court, prompting this appeal.

As a threshold matter, we note that plaintiff has appealed from a QDRO, which may not be appealed as of right (*see generally* CPLR 5701 [a]; *see also Bernstein v Bernstein*, 18 AD3d 683, 683-684 [2005]). Nonetheless, inasmuch as plaintiff voiced timely objections to entry of the QDRO upon the same grounds now raised on appeal (*compare Weissman v Weissman*, 300 AD2d 261, 261 [2002], *lv dismissed* 99 NY2d 638 [2003]), we conclude that a sufficient record has been established for us to review the merits of plaintiff's claim. Therefore, plaintiff's notice of appeal is deemed an application for leave to appeal and said application is granted (*see Lavin v Lavin*, 263 AD2d 932, 932-933 [1999]; *see also Irato v Irato*, 288 AD2d 952, 952 [2001]).

Turning to the merits, we conclude that, pursuant to the terms of Supreme Court's January 2002 decision and the subsequently issued judgment, defendant was not entitled to accruals on her share of the Lockheed S&S account. It is well settled that " '[a] written order must conform strictly to the court's decision, and . . . when there is a conflict between the two, the decision controls' " (*Matter of Dates v Mundt*, 4 AD3d 639, 639-640 [2004], quoting *Di Prospero v Ford Motor Co.*, 105 AD2d 479, 480 [1984]; *see Curry v Curry*, 14 AD3d 646, 647 [2005]). Here, neither Supreme Court's decision nor its judgment made any proviso for accruals from the Lockheed S&S account. Although the court did make reference to appreciation and depreciation in its decision, said reference solely concerned market fluctuations in the GE S&S account, and the court's concerns in that regard were satisfied by a later valuation of

that asset at the time of judgment, which took into account its depreciation and thereby allocated losses equally between the parties. Accordingly, since the QDRO is inconsistent with the decision and the judgment of Supreme Court, we exercise our authority (*see* CPLR 5019 [a]) to modify the QDRO by deleting its reference to defendant's receipt of accruals from the Lockheed S&S account (*see Biglin v Biglin*, 2 AD3d 380, 381 [2003]).

Carpinello, Rose and Kane, JJ., concur; Cardona, P.J., not taking part. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as provided that defendant shall receive accruals upon her share of plaintiff's Lockheed Savings and Security account, and, as so modified, affirmed.