In the Matter of HELEN L. BLACK, Respondent, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. NOELLE COLLINS, Appellant. [818 NYS2d 640]—

Kane, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered March 31, 2005 in Albany County, which granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, inter alia, compel respondent New York State and Local Employees' Retirement System to pay her the preretirement death benefits of her deceased husband.

Petitioner and her husband, Nathan Black, entered into a separation agreement which was incorporated into a judgment of separation. That stipulation included a paragraph in which each spouse relinquished any claims to the other's pension or retirement plan. In another paragraph, Black acknowledged that his employer offered a life insurance policy or death benefit covering his life through his retirement plan, or both, and he agreed to maintain such benefit or benefits and name petitioner as beneficiary. Black died while still employed by New York State, triggering payment of the life insurance policy and preretirement death benefits. Prior to his death, however, Black had removed petitioner as a beneficiary of the death benefits and named his daughter, Noelle Collins, as beneficiary. Upon learning that respondent New York State and Local Employees' Retirement System would not pay benefits to anyone other than the listed beneficiary, petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking a declaration that she alone is entitled to Black's ordinary death benefits and an order compelling the Retirement System to pay her those benefits. Finding that the separation agreement unambiguously required Black to maintain petitioner as sole beneficiary of both his life insurance policy and preretirement death benefits, Supreme Court granted the relief requested. Collins appeals.

We affirm. A stipulation between parties is an independent contract subject to the principles of contract interpretation, including the rule requiring courts to discern the parties' intent from the four corners of the stipulation without regard to extrinsic evidence when the contract language is unambiguous (*see Ross v Ross*, 16 AD3d 713, 714 [2005]; *Stevens v Stevens*, 11 AD3d 791, 792 [2004]; *see also McCoy v Feinman*, 99 NY2d 295,

302 [2002]). Collins argues that petitioner waived her right to Black's retirement benefits and preretirement death benefits through the stipulation's pension plan paragraph. Contrary to this argument, the Court of Appeals has held that "pension benefits and death benefits are two distinct matters," so "that reference to a pension plan or pension benefits will not be deemed to include death benefits" (*Kazel v Kazel*, 3 NY3d 331, 334 [2004]). The parties here used separate paragraphs to reference pension rights and "a death benefit covering [Black's] life through a retirement plan." Based on the language of the stipulation, considered as a whole, Supreme Court properly determined that Black agreed to maintain petitioner as sole beneficiary of both his life insurance policy and preretirement death benefits. Accordingly, petitioner was entitled to such a declaration and an order compelling the Retirement System to pay her such benefits.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that a judgment is affirmed, with costs.