■ JOHN A. PAIGE JR. CONTRACTING, INC., Respondent, v VICTOR GUSH et al., Individually and Doing Business as VLG REAL ESTATE DEVELOPERS et al., Appellants. [826 NYS2d 477]—

Lahtinen, J. Appeal from an order of the Supreme Court (Hummel, J.), entered December 8, 2005 in Rensselaer County, which granted plaintiff's motion to compel compliance with a stipulation of settlement.

In June 1999, the parties entered into a real estate development contract whereby defendants agreed to subdivide a parcel of land into approximately 30 building lots that would then be sold to plaintiff for the construction of single-family residences. After defendants allegedly failed to timely commence a particular phase of the development, plaintiff commenced an action for breach of contract in April 2002. Shortly after testimony began at the trial in March 2005, the parties entered into a stipulation of settlement before Supreme Court which was thereafter incorporated into a judgment upon stipulation.

Among other things, defendants agreed in the judgment upon stipulation that, by August 15, 2005, they would complete the infrastructure work pursuant to the contract for the remaining phase of the project, file the subdivision plat in the county clerk's office and "take all other steps necessary so as to be able to convey title to the subdivision lots to the [p]laintiff in accordance with the [c]ontract (the 'Defendants' Performance')." With respect to the performance date, the judgment upon stipu-

lation stated that "time [was] of the essence" and if defendants failed to meet the deadline, they would transfer one lot to plaintiff without compensation. The judgment upon stipulation also provided that the performance date would be "tolled to the extent that completion of the Defendants' Performance is delayed by the acts of Niagara Mohawk . . . relative to the installation of utilities on the said subdivision (but not any such [Niagara Mohawk] delay attributable to the acts of the Defendants)." Thereafter, defendants filed the subdivision plat by August 15, 2005, however, it was not until August 30, 2005 that a letter of undertaking necessary for Niagara Mohawk to begin its work on the lots was provided.

On September 9, 2005, plaintiff moved to enforce the judgment upon stipulation alleging that the utilities had not been installed by the deadline, the delay was not attributable to Niagara Mohawk and, consequently, defendants were required to convey one lot to plaintiff without compensation. Supreme Court granted plaintiff's motion, prompting this appeal.

Initially, we are unpersuaded by defendants' contention that installation of the utilities prior to the deadline was not required. The judgment upon stipulation specifically references that performance obligation under the parties' original contract (see McCoy v Feinman, 99 NY2d 295, 302 [2002]; Ross v Ross, 16 AD3d 713, 714 [2005]). That contract sets forth in paragraph six (subsection F), entitled "Seller Obligations," that: "Seller shall install all underground electric, television cable and telephone lines for the subdivision up to the street line of each lot." Additionally, paragraph five of the contract provides that lots must be complete before conveyance, including "utilities to each lot." We further note that if we adopted defendants' interpretation of the judgment upon stipulation to the effect that the utilities did not have to be installed by the performance date, it would render meaningless the "tolling" clause as to Niagara Mohawk's performance (see e.g. Matzen Constr. v Schultz, 257 AD2d 724, 726 [1999]). Given the absence of proof that Niagara Mohawk, rather than defendants, was responsible for not meeting the installation deadline specified in the judgment upon stipulation, we find no basis to disturb Supreme Court's finding that defendants failed to timely perform.

Next, defendants argue for the first time on appeal that the conveyance of one lot to plaintiff without charge as a result of their failure to complete performance was an impermissible penalty. This argument is unpreserved for our review, however, we note that "[s]tipulations of settlement are favored by the courts and not lightly cast aside" absent "fraud, collusion,

mistake or accident" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *see ABCO Refrig. Supply Corp. v Designs by Keiser Corp.*, 239 AD2d 165 [1997], *lv dismissed* 91 NY2d 866 [1997]).

Finally, we have reviewed the parties' remaining arguments, including plaintiff's request for sanctions, and find them unpersuasive under the particular circumstances herein.

Cardona, P.J., Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.