■  Hannelore F. Smith, Respondent, v Gary C. Smith, Appellant. [874 NYS2d 300]—

Malone Jr., J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 11, 2008 in Albany County, which, among other things, granted plaintiff's motion to direct entry of a domestic relations order.

Plaintiff and defendant were married on July 2, 1988 and have three children. On January 11, 2000, plaintiff commenced this action for divorce against defendant alleging cruel and inhuman treatment and constructive abandonment. The parties subsequently entered into a divorce settlement agreement addressing various matters, including the division of defendant's pension with the New York State and Local Retirement System. The agreement provided that the pension comprised marital property in which plaintiff had a one-half interest as of January 1, 2000 using the *Majauskas* formula (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]). It went on to set forth the manner in which plaintiff's share would be calculated under the *Majauskas* formula, noting that she was to receive one half of a "fraction" of the monthly retirement benefit. The agreement stated that the numerator of the fraction was equal to defendant's years in the plan during the marriage, which the parties agreed covered

the time period from July 2, 1988 through January 1, 1998. It further provided that the denominator of the fraction was equal to defendant's total years of service in the plan, which the parties agreed covered the time period from December 7, 1978 through January 1, 1998. The agreement was incorporated, but not merged, into the judgment of divorce.

Thereafter, in accordance with the terms of the divorce settlement agreement, plaintiff and defendant cross-moved for entry of their respective proposed domestic relations orders dividing defendant's pension, which contained conflicting provisions. Supreme Court issued an order in July 2007 denying these motions. In May 2008, plaintiff made another motion for entry of a proposed domestic relations order and defendant cross-moved for the same relief. Supreme Court, among other things, granted plaintiff's motion and directed entry of the domestic relations order crafted by plaintiff. This appeal by defendant ensued.*

Defendant asserts that Supreme Court erroneously directed entry of plaintiff's proposed domestic relations order. We disagree. The provisions of the domestic relations order must be consistent with the terms of the agreement conferring such benefits (see *McCoy v Feinman*, 99 NY2d 295, 304 [2002]). In this case, that is the parties' divorce settlement agreement. Principles of contract construction apply in interpreting this agreement. Along these lines, it is well settled that the agreement should be read as a whole and, where unambiguous, all of its provisions should be given their plain and ordinary meaning (see *Town of Wawarsing v Camp, Dresser & McKee, Inc.*, 49 AD3d 1100, 1102 [2008]). Notably, the " 'courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing' " (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004], quoting *Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]; see *Worcester Creameries Corp. v City of New York*, 54 AD3d 87, 91 [2008]).

Here, the parties' agreement specified that January 1, 1998 was to be used in both the numerator and denominator of the "fraction" applied under the *Majauskas* formula. It further stated that plaintiff's share of the monthly retirement benefit was one half of this fraction. Contrary to the interpretation urged by defendant, the agreement did not provide that Janu-

---

* While we note that no appeal as of right lies from a domestic relations order, we shall treat defendant's notice of appeal as an application for leave to appeal and shall grant the same (see *Zebrowski v Zebrowski*, 28 AD3d 883, 884 [2006]).

ary 1, 1998 was the "hypothetical retirement date" for purposes of calculating plaintiff's retirement allowance. Rather, prior to setting forth the manner in which plaintiff's share of the pension would be calculated under the *Majauskas* formula, the agreement provided that plaintiff had a one-half interest in the pension, as of "January 1, 2000." The reference to this date is clearly inconsistent with the construction of the agreement sought by defendant. In fact, Supreme Court specifically rejected defendant's interpretation in denying his cross motion for entry of a proposed domestic relations order containing this language, noting that defendant had made the very same unsuccessful argument in his prior motion. In view of the foregoing, we find no reason to disturb Supreme Court's order.

Cardona, P.J., Mercure, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.