■ JILL WOJTASZEK, Appellant, v ALBERT WOJTASZEK, Respondent. [881 NYS2d 916]—

McCarthy, J. Appeal from an order of the Supreme Court (Sackett, J.), entered May 14, 2008 in Sullivan County, which granted defendant's motion to direct entry of a qualified domestic relations order.

On August 17, 2007, the parties, who had been separated for 15 years but had never divorced, entered into an open court stipulation of settlement which primarily addressed plaintiff's share in defendant's pension with the New York State Teachers' Retirement System. A judgment of divorce, which incorporated but did not merge the stipulation, was entered on October 30, 2007. Thereafter, defense counsel submitted a proposed qualified domestic relations order (hereinafter QDRO) which did not, in the opinion of plaintiff's counsel, comport with the terms of the settlement. Thus, plaintiff's counsel submitted her own proposed QDRO. The QDRO submitted by defense counsel was executed by Supreme Court and entered on May 14, 2008. Plaintiff appeals from this order.

We note at the outset that, although no appeal lies as of right from a QDRO (*see Smith v Smith*, 59 AD3d 905, 906 n [2009]), we will treat plaintiff's notice of appeal as an application for leave to appeal and grant same (*see id.*). In so doing, however, we find no merit to her arguments. Viewing the parties' stipulation of settlement as transcribed during the proceeding on August 17, 2007, we find that the parties unequivocally agreed that plaintiff was to receive only 30% of defendant's pension between 1971 (when he first entered the Retirement System) and December 31, 1991 (when they physically separated), that plaintiff was to pay taxes on this payment and that she would have no interest in anything accruing after December 31, 1991 (*see Stevens v Stevens*, 11 AD3d 791, 792 [2004]). Significantly, Supreme Court confirmed that plaintiff understood the precise terms of the stipulation. Moreover, the QDRO executed by the court properly reflects the terms of the stipulation of settlement (*see McCoy v Feinman*, 99 NY2d 295, 304 [2002]; *Smith v Smith*, 59 AD3d at 906; *Ruggiere v Ruggiere*, 305 AD2d 485 [2003], *appeal dismissed* 100 NY2d 629 [2003]; *cf. Zebrowski v Zebrowski*, 28 AD3d 883, 884-885 [2006]). In view of the foregoing, we find no reason to disturb it.

Spain, J.P., Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.