■ Donna J. LaPierre, Respondent, v Martin J. LaPierre, Appellant. [922 NYS2d 627]—

Lahtinen, J. Appeal from an order of the Supreme Court (Hall, Jr., J.), entered September 16, 2010 in Washington County, which granted defendant's motion to direct plaintiff to transfer certain assets to defendant.

The parties disagree about the proper distribution of defendant's individual retirement account (hereinafter IRA), which was addressed as part of an oral stipulation in February 2008 that was incorporated but not merged into their divorce judgment. When the divorce action was commenced in May 2006, defendant's IRA with Pacific Life Insurance Company had a value of $205,212.54. In August 2006, defendant withdrew $60,000 and such withdrawal, together with a significant downturn in the economy in the second half of 2008, resulted in a value at time of distribution in December 2008 of $104,873.53. Pacific Life was provided with incorrect information indicating that the qualified domestic relations order (hereinafter QDRO) had directed an equal split as of the date the divorce action commenced in 2006 (with no mention of market adjustments) and transferred $102,606.27 to plaintiff with the balance of $2,267.26 to defendant.

Although both parties acknowledged that this did not properly reflect the stipulation or QDRO, they disagreed as to the correct calculation in light of the $60,000 withdrawal in August 2006 and the significant decline in market value. Defendant moved via order to show cause for an adjustment in the distribution and urged a method of valuation in which the May 2006 value is split equally between the two parties, and then reconstructed forward as two separate accounts (with defendant's $60,000 deducted from his half in August 2006). This was the method

used by Pacific Life upon being provided correct information as to the stipulation and QDRO and, under this method, plaintiff's account balance would have been $73,329.68 and defendant's balance $31,543.85 as of December 2008. Supreme Court, however, concluded that the proper payment to plaintiff should have been $82,436.77, representing the value at distribution ($104,873.53), plus defendant's withdrawal ($60,000) then divided in half. The court thus directed plaintiff to pay defendant $20,169.50; i.e., $102,606.27 she received minus $82,436.77 to which she was entitled. Defendant appeals.

"A QDRO based upon a settlement can only convey those rights agreed to by the parties" (*Montero v McFarland*, 70 AD3d 1282, 1284 [2010]). An oral stipulation of settlement that is incorporated into a divorce judgment "is an independent contract, subject to the principles of contract interpretation" (*Ross v Ross*, 16 AD3d 713, 714 [2005]; *see Matter of Riley v Riley*, 29 AD3d 1146, 1147 [2006]). The parties' stipulation provided that plaintiff would receive 50% of the IRA as of the date of commencement in May 2006 plus or minus any market changes. As to the amount withdrawn by defendant, the parties agreed "that $60,000 will be deducted from [defendant's] share so that it would not have any impact on the share [of plaintiff]." Based on the stipulation, plaintiff drafted the QDRO, which stated in relevant part that "[i]t is the parties' mutual intent to provide [plaintiff] with 50% of this account as of May 30, 2006, or closest evaluation date, prorated throughout the fund, and adjusted for earnings and appreciation or depreciation, which may have accrued on said amount from May 30, 2006, or closest evaluation date, through the date of distribution."

The intent of the stipulation was to divide the fund as of May 30, 2006. Thereafter, plaintiff's half was to appreciate or depreciate separately from defendant's, and the $60,000 withdrawn by defendant was not to have any affect on plaintiff's fund. Significantly, the $60,000 withdrawal was fully known by the parties at the time of the stipulation, and the sole provision they made for it was that it would not have "any impact" on the value of plaintiff's share. Under plaintiff's methodology, accepted by Supreme Court, the $60,000 has an impact, albeit a positive one for plaintiff since the market had declined. But, the parties did not agree to such a term. As shown by the detailed information provided by Pacific Life, plaintiff's May 2006 value of $102,606.27 was worth $73,329.68 in December 2008. She was thus entitled to $73,329.68; she actually received $102,606.27, which was an overpayment of $29,276.59 rather than $20,169.50 as found by Supreme Court.

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by directing plaintiff to transfer to defendant $29,276.59 instead of $20,169.50, and, as so modified, affirmed.