■ In the Matter of ALAN LERMAN, Appellant, v CAREN HAINES, Respondent. [925 NYS2d 216]—

Garry, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered October 28, 2009, which granted respondent's application, in a proceeding pursuant to Family Ct Act article 4, to, among other things, direct petitioner to pay child support.

The parties were divorced in 2002 pursuant to a judgment of divorce that incorporated their oral stipulation as to custody and visitation of their two children. As pertinent here, in a proceeding originally commenced by petitioner (hereinafter the father), respondent (hereinafter the mother) cross-petitioned for reimbursement of certain medical expenses incurred on behalf of one of the children.[1] Following a hearing on the cross petition, a Support Magistrate found, among other things, that the father had willfully failed to comply with his child support obligations by failing to pay his portion of the disputed expenses and entered a money judgment against the father in the amount of $2,870.35. Family Court denied the father's objections and upheld the Support Magistrate's factual findings and order. The father appeals.

The judgment of divorce sets out detailed child support provisions that, among other things, direct the father to maintain health insurance on the children's behalf, and provide that specified medically-related expenses not covered by health insurance shall be paid 85% by the father and 15% by the mother. The father contends that certain provisions in the custody stipulation relieve him of the obligation to pay. Specifically, he relies upon provisions that direct the parties to make all major decisions regarding the children upon consultation and consent, provide that if either party makes a unilateral decision, any attendant costs are to be borne solely by that party, and direct the parties to notify each other of matters concerning the children's health. The father contends that he need not contribute to payment of the disputed expenses based upon these provisions, because the mother failed to provide him with adequate advance notice of the child's appointments with the medical providers.

"An oral stipulation of settlement that is incorporated into a divorce judgment 'is an independent contract, subject to the

---

1. The father sought unsuccessfully to terminate his child support obligations. The two matters were handled separately, and only the determination of the mother's cross petition is at issue here.

principles of contract interpretation' " (*LaPierre v LaPierre*, 84 AD3d 1497, 1498 [2011], quoting *Ross v Ross*, 16 AD3d 713, 714 [2005]). "In ascertaining the intent of the parties, the entire document is examined and if its language is clear and unambiguous, the court's inquiry is ended" (*Stevens v Stevens*, 11 AD3d 791, 792 [2004] [citation omitted]). We find no ambiguity in the stipulation and conclude that its plain language completely fails to support the father's contention that it was intended to apply to his obligation to pay the disputed expenses.

The parties' stipulation resulted from a settlement reached on the morning of a trial that had been scheduled specifically to address the limited issues of custody and visitation. Consistent with that limitation, the stipulation pertains exclusively to such subjects, including the children's primary residence and the parties' vacation and visitation schedules. Neither payment of medical expenses nor any other matter pertaining to child support is discussed or referenced anywhere in the stipulation. Approximately two months later, the parties placed a separate agreement upon the record in open court relative to child support and certain other matters, and these terms were subsequently recited in the judgment of divorce.

"[W]e cannot read into the parties' stipulation language not contained therein" (*id.*). Nothing in the plain language of the stipulation indicates that the parties intended any of its provisions to affect, alter, or apply to their obligation to share the cost of the children's reasonable and necessary medical expenses. This conclusion is further supported, viewing the record as a whole. The provision in the judgment incorporating the stipulation describes it as "[t]he stipulation with reference to custody" without mentioning medical expenses or otherwise relating the stipulation to the judgment's separate child support provisions. The support provision at issue does not mention the custody stipulation and provides in unambiguous terms that "all" listed expenses "shall be paid" in the specified proportions. To find the obligation to pay these expenses contingent upon other conditions would contradict the provision's plain language and improperly deprive the words "all" and "shall" of meaning (*see* 73 NY Jur 2d, Judgments § 21). Instead, we find nothing in either the stipulation or the judgment indicating any intent to make the parties' obligation to pay the disputed expenses contingent upon their compliance with the stipulation.

Further, even assuming that the custody stipulation could be read to apply to this support obligation, its language does not support the father's claim. In three related paragraphs pertain-

ing to joint decision-making, the stipulation requires "major decisions" to be made upon "mutual consent" and lays out the consequences for failure to obtain such consent—i.e., disagreements as to medical decisions are to be resolved by a specified physician,[2] and any party who makes a unilateral decision is to be solely responsible for any attendant costs. The father relies upon the next paragraph, which requires the parties to notify one another "as much in advance as possible" of matters involving the children's health, education or welfare such as "scholastic and extra-curricular events and activities." However, this provision explicitly states that the purpose of the notification requirement is not to obtain consent, but "so that both parties can attend such events or activities if he or she chooses." The provision does not use the words "consent" or "decision," nor does it otherwise refer to the previous paragraphs on joint decision-making. No language reveals an intent to relate those provisions to the notice requirement. The mere fact that they appear in sequence is insufficient to support the claim that the parties intended a failure to notify one another of the children's appointments to result in the same consequence as failure to obtain one another's consent before making "major decisions." Accordingly, Family Court properly determined that the father was obligated to pay the disputed expenses.

Next, the father contends that his failure to pay the subject medical costs was not willful because it was based on his reasonable interpretation of the order. Proof of noncompliance with a support order over a period of time is prima facie evidence of a willful violation, shifting the burden to the payor spouse to demonstrate inability to pay (*see Matter of Williams v Johnson*, 56 AD3d 1021, 1022 [2008]; *Matter of Heyn v Burr*, 19 AD3d 896, 897-898 [2005]). Here, the father—a busy gastroenterologist whose annual income at the time of the parties' divorce was nearly $300,000—made no claim that he could not afford to pay the disputed expenses (*see Matter of Walsh v Karamitis*, 291 AD2d 749, 750-751 [2002]). Moreover, the Support Magistrate found that the father had a history of being obstinate and unreasonable in withholding consent for the child's medical care and failing to pay for it. According deference to these credibility assessments with regard to the father's good faith understanding of his obligations and the willfulness of his

2. The parties followed this procedure with regard to certain treatment the child required; the father objected to the mother's selection of a provider with whom the child had already begun treatment, and the mother referred the dispute to the designated physician, who determined that the child's treatment should continue. The father argues that the mother failed to notify him of the child's appointments with this provider.

failure to pay the disputed expenses, we find no reason to disturb this determination (*see Matter of Moran v Cavanaugh*, 39 AD3d 954, 955-956 [2007]; *Matter of Heyn v Burr*, 19 AD3d at 898).

Finally, the record does not support the father's contention that the Support Magistrate was biased against him. The Support Magistrate's efforts to avoid repetitive proof and expedite the proceeding were directed at both parties, consistent with his obligation to "keep the respective parties focused upon a succinct presentation of evidence relevant to the issues to be decided [and to] . . . insure an orderly and expeditious trial" (*Matter of Bush v Bush*, 74 AD3d 1448, 1449 [2010], *lv denied* 15 NY3d 711 [2010] [internal quotation marks and citations omitted]). The fact that the Support Magistrate made findings unfavorable to the father is not an indication of bias (*see Anonymous v Anonymous*, 287 AD2d 306, 306 [2001], *lv denied* 97 NY2d 611 [2002]).

Spain, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.