LINDA DAGLIOLO, Appellant, v JOHN C. DAGLIOLO, Respondent. [937 NYS2d 466]—

Garry, J.

It is well settled that, where the parties have executed a valid stipulation or agreement, a domestic relations order may convey only those rights and awards upon which the parties agreed (*see McCoy v Feinman*, 99 NY2d 295, 304 [2002]; *Smith v Smith*, 59 AD3d 905, 906 [2009]). A "stipulation of settlement that is incorporated into a divorce judgment 'is an independent contract, subject to the principles of contract interpretation' " (*LaPierre v LaPierre*, 84 AD3d 1497, 1498 [2011], quoting *Ross v Ross*, 16 AD3d 713, 714 [2005]). As such, if the language of a stipulation is unambiguous, its terms are given their plain and ordinary meaning, and the parties' intent is determined without resort to extrinsic evidence (*see Smith v Smith*, 59 AD3d at 906; *Ross v Ross*, 16 AD3d at 714; *Stevens v Stevens*, 11 AD3d 791, 792 [2004]). Whether language is ambiguous is a matter of law to be determined by the court (*see Hendrix v Hendrix*, 2 AD3d 1257, 1258 [2003]; *Su v Su*, 268 AD2d 945, 946 [2000], *lv denied* 95 NY2d 752 [2000]), and in rendering this determination a court may not "add or excise terms, nor distort the meaning of those used" (*Smith v Smith*, 59 AD3d at 906 [internal quota-

tion marks and citations omitted]; *see Stevens v Stevens*, 11 AD3d at 792).

We agree with Supreme Court that the language of the parties' stipulation explicitly provides defendant with survivor benefits. The agreement provides that "[plaintiff] shall opt to have said pension throughout the life of [defendant] and [plaintiff]." Contrary to plaintiff's arguments, this provision can only be read as providing defendant with survivor benefits in plaintiff's pension; as defendant's interest in plaintiff's pension is measured "throughout" his own life, and not just plaintiff's life, the plain meaning of this term in the stipulation is that plaintiff must choose a pension option that ensures lifetime benefits to defendant (*compare Casella v Casella*, 306 AD2d 800, 801 [2003]; *De Gaust v De Gaust*, 237 AD2d 862, 863 [1997]).

Mercure, A.P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.