Stein, J.
Cross appeals from an order of the Supreme Court (Nolan Jr., J.), entered January 26, 2011 in Saratoga County, which, among other things, partially denied the parties’ motions for, among other things, summary judgment.
In 1997, plaintiff (hereinafter the husband) commenced an action for divorce against defendant (hereinafter the wife). A judgment of divorce was entered in January 2001 which, as pertinent here, incorporated an August 2000 stipulation between the parties concerning, among other things, the distribution of their marital property. Annexed to the stipulation and referenced therein was a statement of proposed disposition (hereinafter SED) prepared by the husband, which purported to accurately identify all marital assets, the value of which was to be divided equally between them.
In 2004, the husband commenced this action to set aside the stipulation on the basis that the wife had fraudulently concealed the existence of marital assets prior to settlement of the divorce action; the husband sought, among other things, an order directing the wife to pay him 50% of the value of the concealed assets. In her answer, the wife asserted counterclaims— alleging, among other things, that the husband had converted and secreted marital funds and had intentionally failed to distribute them to her pursuant to the stipulation — and sought vacatur of the stipulation. Following a nonjury trial, at which the wife presented no evidence as a result of a preclusion order, Supreme Court (Seibert, J.) found that the wife had fraudulently concealed the existence of marital assets and directed the parties to equally divide all of their marital property. Upon the wife’s appeal, we reversed and remitted the matter to Supreme Court, finding error in its order precluding the wife from offering evidence at the trial (Kumar v Kumar, 63 AD3d 1246, 1248-1249 [2009]).
*1324 In 2009, the husband filed and served an amended complaint asserting claims alleging fraud and unjust enrichment and seeking vacatur of the stipulation, as well as a direction from Supreme Court that the wife distribute 50% of the value of all concealed assets. The wife served an amended answer in which she asserted counterclaims seeking, among other things, recovery of marital assets allegedly converted by the husband; notably, she did not reassert her claim seeking vacatur of the August 2000 stipulation.
The wife thereafter moved for summary judgment dismissing the complaint and for relief based upon her counterclaims. The husband cross-moved for, among other things, leave to file a second amended complaint — which sought to add a cause of action for enforcement, in addition to the existing cause of action seeking vacatur of the parties’ stipulation — as well as summary judgment on his claims and dismissing the wife’s counterclaims. Supreme Court (Nolan Jr., J.) concluded, as pertinent here, that the August 2000 stipulation was valid and enforceable, that all of the parties’ marital property — whether or not specifically identified in the stipulation — was subject to distribution pursuant to its terms and that certain bank accounts held by the wife constituted marital property. Accordingly, the court granted partial summary judgment dismissing both parties’ causes of action for vacatur of the stipulation,[1] otherwise denied the wife’s motion for summary judgment dismissing the complaint and granted the husband’s cross motion for leave to amend the complaint. In addition, the court partially granted the husband’s motion for summary judgment to the extent that it dismissed the wife’s counterclaims as they related to financial transactions prior to 1997. The wife now appeals[2] and the husband cross-appeals.
Initially, we concur with the wife’s contention that Supreme Court erred in concluding that marital assets not specifically identified in the parties’ stipulation are subject to distribution pursuant to its terms. It is well settled that a stipulation incorporated, but not merged, into a judgment of divorce is a contract and is, therefore, subject to the rules governing contract interpretation (see McCoy v Feinman, 99 NY2d 295, 302 [2002]; Dagliolo v Dagliolo, 91 AD3d 1260, 1260 [2012]; *1325 LaPierre v LaPierre, 84 AD3d 1497, 1498 [2011]; Ross v Ross, 16 AD3d 713, 714 [2005]). Accordingly, where an agreement is unambiguous, we must ascertain the parties’ intent “from within the four corners of the instrument, and not from extrinsic evidence” (Ross v Ross, 16 AD3d at 714 [internal quotation marks and citations omitted]; see McCoy v Feinman, 99 NY2d at 302; Dagliolo v Dagliolo, 91 AD3d at 1260).
Inasmuch as our review of the stipulation here reveals no ambiguity, we must give its terms their plain meaning (see Dagliolo v Dagliolo, 91 AD3d at 1260; Matter of Lerman v Haines, 85 AD3d 1248, 1248-1249 [2011]). The stipulation clearly provides that “[a]ll assets that are claimed to be marital property are identified in [the husband’s] statement of proposed disposition,” and further provides that each party is to receive certain items of such property, resulting in a 50/50 division of the total value thereof. Notably, while the husband points to, and Supreme Court relies on, a particular statement contained, in the SPD purportedly establishing the parties’ intent to divide all marital property equally, the SPD was signed only by the husband and his attorney and reflects his pretrial proposal for equitable distribution; it cannot be said to reflect the wife’s intent, nor is it a part of the stipulation. Thus, Supreme Court erroneously interpreted the stipulation as including assets not specifically identified in the husband’s SPD.
However, we are also of the view that Supreme Court erred in granting the wife’s motion for summary judgment dismissing the husband’s cause of action for vacatur of the stipulation based upon the wife’s alleged fraud in failing to disclose marital assets. In order to establish fraud, the husband is required to prove that the wife made a “misrepresentation of a material fact, which was known by [her] to be false and intended to be relied on when made, and that there was justifiable reliance and resulting injury” (Ventur Group, LLC v Finnerty, 68 AD3d 638, 639 [2009] [internal quotation marks and citation omitted]; see GoSmile, Inc. v Levine, 81 AD3d 77, 81 [2010], lv dismissed 17 NY3d 782 [2011]). Here, Supreme Court properly determined that, to the extent the funds in the accounts allegedly concealed by the wife were derived from the profits of marital business enterprises, they constituted marital property despite the fact that they were earned after the commencement of the divorce action (see Glazer v Glazer, 190 AD2d 951, 953 [1993]; Ducharme v Ducharme, 145 AD2d 737, 738 [1988], lv denied 73 NY2d 708 [1989]; Siegel v Siegel, 132 AD2d 247, 255 [1987], appeal dis *1326 missed 71 NY2d 1021 [1988], lv denied 74 NY2d 602 [1989]).[3] The husband also points to other marital assets that he alleges were not disclosed by the wife prior to the stipulation.
Nonetheless, neither party has established his or her entitlement to summary judgment with respect to this cause of action. In support of her motion, the wife submitted her own detailed affidavit, together with a copy of her statement of net worth and a copy of a document prepared by the husband in 1997— each of which listed several of the accounts alleged to have been concealed — as well as other documentation that she claims demonstrate that the husband was or should have been aware of such accounts and other purportedly concealed assets. In opposing the wife’s motion and in support of his cross motion for summary judgment, the husband submitted documentation of treasury bonds owned by the wife that were not disclosed on her statement of net worth, together with his affidavit, in which he denied knowledge of other assets of which the wife claimed he should have been aware.
Viewing this evidence in the light most favorable to the nonmoving party with respect to each summary judgment motion, we find that triable issues of fact exist which preclude summary judgment (see CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winne v Town of Duanesburg, 86 AD3d 779, 780-781 [2011]). While there is some evidence that the husband was, or should have been, aware of certain allegedly concealed assets, several others were left unaccounted for and we cannot determine as a matter of law which, if any, of the allegedly concealed assets the husband was, or should have been, aware. Accordingly, questions of fact remain as to whether the wife intentionally misrepresented the assets in her possession at the time of the stipulation in order to induce the husband to enter into the stipulation and whether the husband’s reliance on any such misrepresentation (s) was justifiable, all of which preclude summary judgment to either party on the husband’s cause of action for vacatur of the stipulation (see CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d at 324; Winne v Town of Duanesburg, 86 AD3d at 780-781).[4]
The parties’ remaining contentions have been considered and are unavailing.
*1327 Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by (1) reversing so much thereof as granted defendant’s motion for summary judgment dismissing plaintiffs cause of action seeking vacatur of the August 30, 2000 stipulation, and (2) vacating so much thereof as (a) found that said stipulation is binding and governs the division of all marital property and is not limited to the assets set forth in plaintiffs statement of proposed disposition, (b) directed that all marital assets owned by the parties as of August 30, 2000 be distributed as provided for in said stipulation, and (c) appointed a referee to hear and report to Supreme Court what assets were owned and the value thereof as of August 30, 2000; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. As noted above, the wife no longer had a counterclaim seeking such relief.

. Inasmuch as the wife has not addressed in her appellate brief that portion of Supreme Court’s order that granted the husband permission to file a second amended complaint, we deem such issue to be abandoned (see Matter of D’Angelo v Lopez, 94 AD3d 1261, 1262 n 1 [2012]; Matter of Barnes v Fischer, 93 AD3d 967, 968 [2012]).

. We also note that the wife was obligated to disclose the existence of the subject accounts and all other assets in her statement of net worth regardless of whether they were marital or separate (see 22 NYCRR 202.16).

. As Supreme Court found, questions of fact also exist with regard to the wife’s claim that the husband converted marital assets after the commencement of the divorce action, which must be addressed in the event the stipulation is vacated.