■ In the Matter of ELIZABETH ORSINO DRAKE, Respondent, v RALPH DRAKE, Appellant. [981 NYS2d 191]—

Stein, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered August 13, 2012, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent's objections to the order of a Support Magistrate.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 1989 and are the parents of

three children (born in 1985, 1988 and 1990). In January 2005, the mother vacated the marital residence—leaving the children with the father—and, at some point, commenced an action for divorce. The parties entered into a settlement agreement in December 2006, which was ultimately incorporated into, but not merged with, the parties' judgment of divorce. The settlement agreement reflected that the mother owed the father child support arrears in the amount of approximately $33,000 (covering the period from January 1, 2005 though the date of the agreement). The agreement required the mother to make a lump-sum payment of $4,500 toward the arrears and, thereafter, to make weekly payments of $135 until July 15, 2011. The agreement also provided that "[i]nterest on the arrears shall be carried at 14% per annum." Notably, the agreement further stated that, "[i]n the event that the [m]other shall timely pay all weekly payments due hereunder, the [m]other shall be released from any further obligation to the [father] for child support arrears on July 15, 2011."

The mother began to make payments pursuant to the agreement in December 2006 and, beginning in June 2008, the payments were collected through the Albany County Office of Child Support Enforcement Unit (hereinafter SEU), together with an additional 9% interest. In August 2011, the mother commenced this proceeding pursuant to Family Ct Act article 4, asserting that she had paid all child support arrears due and owing under the parties' settlement agreement and divorce judgment and seeking vacatur of all judgments of support against her and reimbursement of any overpayments made. The father, however, contended that the arrears were not fully satisfied, as the mother had not paid 14% interest thereon. Following a hearing, a Support Magistrate found that, as of July 15, 2011, the mother had fulfilled her obligations under the terms of the settlement agreement and divorce judgment and, in fact, had overpaid the father in excess of $13,000, including the 9% interest on the arrears that SEU had improperly collected. Family Court denied the father's subsequent objections to the Support Magistrate's order, and this appeal by the father ensued.

We affirm. A settlement agreement that is incorporated into, but not merged with, a judgment of divorce remains an independent contract, binding on the parties and subject to the rules of contract interpretation (see Momberger v Momberger, 97 AD3d 945, 946 [2012]; Kumar v Kumar, 96 AD3d 1323, 1324-1325 [2012]; Dagliolo v Dagliolo, 91 AD3d 1260, 1260 [2012]). "Where the language of the agreement is clear, the court must determine the intent of the parties by examining the agreement

itself" (*Fecteau v Fecteau*, 97 AD3d 999, 999-1000 [2012] [citations omitted]; *see Desautels v Desautels*, 80 AD3d 926, 928 [2011]). "Whether language is ambiguous is a matter of law to be determined by the court, and in rendering this determination a court may not add or excise terms, nor distort the meaning of those used" (*Dagliolo v Dagliolo*, 91 AD3d at 1260 [internal quotation marks and citations omitted]; *see Coloney v Coloney*, 80 AD3d 840, 842 [2011]).

Here, the relevant language of the parties' agreement provides as follows: "The parties also acknowledge and agree that the [m]other owes the [f]ather child support arrears calculated from January 1, 2005 . . . to the date of the agreement. The parties stipulate and agree that from January 1, 2005 to May 10, 2006, the sum of $21,420.00, and thereafter, until the date of execution of this Settlement Agreement, the sum of $7,598.00. With accrued interest, the aggregate amount of child support owed by the [m]other to the [f]ather equals approximately $33,000.00. [The m]other shall make a lump sum payment to the [f]ather of $4,500.00 as and for a partial payment of the child support arrears through the date of [the] agreement. . . . [The m]other shall also pay to the father the sum of $135.00 per week . . . commencing December 1, 2006 until July 15, 2011 as and for payments against child support arrears. Interest on the arrears shall be carried at 14% per annum. In the event that the [m]other shall timely pay all weekly payments due hereunder, the [m]other shall be released from any further obligation to the [father] for child support arrears on July 15, 2011." Contrary to the father's contention, this language is not ambiguous. It clearly sets forth the parties' agreement that, as of the date of the stipulation, the mother owed the father approximately $33,000 in arrears, inclusive of approximately one year of accrued interest at 14%.[1] As of that date, the mother was required to make a $4,500 lump-sum payment and, from that date forward, she was obligated to pay the sum of $135 per week until July 15, 2011. If the mother made all of those payments in a timely manner, she would be released from any further obligation with respect to support arrears.

Inasmuch as the Support Magistrate found that the mother had timely made all required payments as of July 15, 2011, we are unpersuaded by the father's argument that the settlement agreement obligated her to pay additional interest on the arrears at the rate of 14%, as this interpretation is inconsistent

---

1. $21,420 owed from January 1, 2005 to May 10, 2006 plus an additional $7,598 owed as of the date of the agreement totals $29,018, plus 14% interest, which equals approximately $33,080.

with the clear and unambiguous language of the agreement. Since all arrears would have been satisfied by the timely weekly payments, the release provision could only refer to additional interest. Thus, the father's interpretation renders meaningless the arrears release provision and impermissibly distorts the agreement's clear language (*see Dagliolo v Dagliolo*, 91 AD3d at 1260). Accordingly, the Support Magistrate correctly found that the mother's arrears obligation was satisfied as of July 15, 2011, after she had timely made the required 240 weekly payments,[2] and Family Court properly denied the father's objections. To the extent not specifically addressed herein, the father's remaining claims have been considered and found to be lacking in merit.[3]

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** Notably, it appears that an additional year of interest at 14% was factored into those payments as well. Specifically, after the mother made the $4,500 lump-sum payment, the balance would have been approximately $28,500. However, the 240 weekly payments of $135 made by the mother totaled $32,400, which is roughly 14% more than the $28,500 owed.

**3.** Inasmuch as the father did not address in his brief the Support Magistrate's calculation of overpayments, we deem any challenge thereto abandoned (*see Matter of Tompkins v Tompkins*, 110 AD3d 1172, 1173 n [2013]). In any event, we discern no error in such calculation.