Rose, J.
 

 Appeal from an order of the Supreme Court (Hall Jr., J.), entered July 12, 2016 in Warren County, which partially denied plaintiff’s motion to, among other things, vacate an amended military retired pay division order.
 

 After plaintiff (hereinafter the wife) commenced an action for divorce, the parties entered into an oral stipulation in June 2012 that provided, as relevant to this appeal, that the wife’s military pension would be distributed pursuant to the Majauskas formula (see Majauskas v Majauskas, 61 NY2d 481 [1984]), and she would be reimbursed for certain household expenses once unspecified “information” was exchanged. In January 2013, the separation agreement was incorporated, but not merged, into the parties’ judgment of divorce. Thereafter, Supreme Court entered an amended military retired pay division order (hereinafter military pension order) that awarded defendant (hereinafter the husband) a percentage of the wife’s military pension in accordance with the Majauskas formula. In October 2015, the wife moved to, among other things, reopen the judgment of divorce to resolve the issue of the reimbursement of household expenses and to vacate the military pension order with respect to the Majauskas formula. According to the wife, the military pension order improperly applied the Majaus-kas formula by taking into account the promotional increases in her pay that occurred subsequent to the date that the divorce action was commenced. Ultimately, Supreme Court denied these requests, but granted other portions of the wife’s motion. The wife now appeals.
 

 The crux of the wife’s contention is that the Majauskas formula does not apply to her military pension. Given her stipulation, we disagree. “Where, as here, a stipulation of settlement is incorporated but not merged into a judgment of divorce, it constitutes an independent contract by which both parties are bound” (Barlette v Barlette, 95 AD3d 1624, 1624-1625 [2012] [citations omitted]; see Dagliolo v Dagliolo, 91 AD3d 1260, 1260 [2012]; LaPierre v LaPierre, 84 AD3d 1497, 1498 [2011]). The parties’ June 2012 stipulation unambiguously reflects their agreement to divide the wife’s military pension by applying the Majauskas formula, and a review of the military pension order demonstrates that it correctly sets forth the Majauskas formula (see Loy v Loy, 108 AD3d 1201, 1202 [2013], lv dismissed 22 NY3d 929 [2013]; see generally Majauskas v Majauskas, 61 NY2d at 487, 492; Matter of Gursky v Gursky, 93 AD3d 1127, 1128 [2012]).
 

 We are also unpersuaded that Supreme Court abused its discretion by denying the wife’s request to reopen the judgment of divorce with respect to household expenses inasmuch as she did not seek to resolve this issue until well over three years following the oral stipulation, despite ample opportunity to do so (cf. Noga v Noga, 235 AD2d 1002, 1002 [1997]).
 

 McCarthy, J.P., Egan Jr., Lynch and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.