Econopouly v Econopouly (2018 NY Slip Op 08988)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Econopouly v Econopouly

2018 NY Slip Op 08988

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526629

[*1]THERESA A. ECONOPOULY, Now Known as THERESA A. FALLON, Respondent,
vTHOMAS W. ECONOPOULY, Appellant.

Calendar Date: November 14, 2018
Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Pope, Schrader & Pope, LLP, Binghamton (Kurt D. Schrader of counsel), for appellant.
Hinman, Howard & Kattell, LLP, Binghamton (Michael S. Sinicki of counsel), for respondent.

MEMORANDUM AND ORDER
Devine, J.P.
Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered April 24, 2017 in Broome County, which granted plaintiff's motion to direct entry of a qualified domestic relations order.
The parties were divorced pursuant to a 1992 judgment that neither incorporated nor merged their in-court stipulation of settlement. The stipulation included a provision that plaintiff would be entitled to half "of the present value of [defendant's] pension" and contemplated that the division would be accomplished by a qualified domestic relations order (hereinafter QDRO) prepared by defendant. In 2015, defendant submitted a corrected court order acceptable for processing (hereinafter COAP), an order used in the context of federal employee pensions that "is similar in effect to a" QDRO (DeEttore v DeEttore, 100 AD3d 679, 679 [2012]). Supreme Court executed the COAP, but plaintiff then objected that its terms did not comport with the parties' stipulation and successfully moved to vacate it. Plaintiff then submitted a new COAP that did comport with her understanding of the parties' stipulation, the order was executed by Supreme Court, and defendant appeals from it.[FN1]
Initially, the basic period to take an appeal or move for leave to appeal is 30 days, which generally begins to run "after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry" (CPLR 5513 [a]; see CPLR [*2]5513 [b]). According to plaintiff, that service occurred in May 2017 when defendant's counsel was copied on correspondence that enclosed the appealed-from order. The record contains no affidavit of service or other proof of office mailing procedures that would give rise to a presumption of mailing, however, and counsel for defendant represents that he has no record of receiving a copy of the order at that time (see New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547, 547-548 [2006]; Glen Travel Plaza v Anderson Equip. Corp., 122 AD2d 327, 328 [1986]). Inasmuch as plaintiff failed to establish that the time in which to take an appeal began to run in May 2017, the present appeal, taken the day defendant entered the order and gave notice of entry in August 2017, is timely (see Coonradt v Averill Park Cent. School Dist., 73 AD2d 747, 747 [1979]).
Turning to the merits, there is no challenge to the validity of the unmerged stipulation of settlement, which constitutes an independent contract (see Merl v Merl, 67 NY2d 359, 362 [1986]). The stipulation is therefore "construed according to the rules of contract interpretation" and, "if not ambiguous, [it] must be construed according to [its] plain language" (Matter of Banos v Rhea, 25 NY3d 266, 276 [2015]; see McCoy v Feinman, 99 NY2d 295, 302 [2002]; Fulginiti v Fulginiti, 127 AD3d 1382, 1384 [2015]). In that regard, the stipulation provided that 50% "of the present value of [defendant's] pension" would be granted to plaintiff. Further discussion on that point ensued, and Supreme Court (Rose, J.) suggested that the portion of the pension to be divided was that acquired between "the date of the marriage and . . . the commencement of the [divorce] action" (see Majauskas v Majauskas, 61 NY2d 481, 491 [1984]). Defendant's counsel clarified, without dispute from plaintiff, that the amount to be distributed was measured "with regard to the duration of the marriage and the total time of the pension plan" in a "conventional" QDRO. Defendant then expressed some confusion as to plaintiff being awarded a share of his pension based upon "the period of when [plaintiff and defendant] were married and what income [defendant] had up to being married, and the future income" but, after discussing that point with counsel, confirmed that he understood and agreed to the terms of the stipulation. The foregoing reflects an unambiguous agreement by the parties that plaintiff would receive 50% of the marital portion of defendant's pension in accordance with the Majauskas formula. Pursuant to this agreement, plaintiff is entitled to receive that portion of 50% of each monthly pension benefit that the number of months the parties were married bears to the number of months of defendant's service in the plan (see id. at 487). As a result, Supreme Court properly replaced the prior COAP, which did not apply that formula, with one that did (see Mandwelle v Mandwelle, 155 AD3d 1475, 1475-1476 [2017]).
Defendant does not appear to have preserved his remaining contention that the value of his federal pension should be reduced to take his ineligibility for Social Security benefits into account (see e.g. Wallach v Wallach, 37 AD3d 707, 709 [2007]; Owens v Owens, 288 AD2d 782, 783 [2001]). In any event, the parties' stipulation contains no provision for such a reduction and, to imply one, would inappropriately "make a new contract for the parties under the guise of" interpretation (Reiss v Financial Performance Corp., 97 NY2d 195, 199 [2001] [internal quotation marks and citations omitted]; see McCoy v Feinman, 99 NY2d at 303; Smith v Smith, 59 AD3d 905, 906 [2009]).
Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.
Footnotes

Footnote 1: No appeal lies as of right from a QDRO, which generally implements the terms of a judgment of divorce (see Sprole v Sprole, 155 AD3d 1345, 1345 [2017]; Dagliolo v Dagliolo, 91 AD3d 1260, 1260 n [2012]). Inasmuch as defendant has consistently argued that the appealed-from order departs from the terms of the stipulation, we deem his notice of appeal to be an application for leave to appeal and grant it (see CPLR 5701 [c]; Smith v Smith, 59 AD3d 905, 906 n [2009]; Zebrowski v Zebrowski, 28 AD3d 883, 884 [2006]).